

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INCREDIBLY EDIBLE DELITES, INC. and INCREDIBLE FRANCHISE CORPORATION, | : | CIVIL ACTION NO. 3:02CV1529 (AVC) |
| Plaintiff, | : | |
| V. | : | |
| EDIBLE ARRANGEMENTS, LLC., and EDIBLE ARRANGEMENTS FRANCHISE GROUP, | : | |
| Defendants. | : | OCTOBER 14, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S RULING ON THE DEFENDANTS, EDIBLE ARRANGEMENTS, LLC AND EDIBLE ARRANGEMENTS FRANCHISE GROUPS' MOTION TO DISMISS**

HALLORAN & SAGE LLP
Thomas J. Finn
Fed. Bar No. ct 20929
Paula Cruz Cedillo
Fed. Bar No. ct 23485
One Goodwin Square
Hartford, Connecticut 06103
(860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## INTRODUCTION

The defendants, Edible Arrangements, LLC and Edible Arrangements Franchise Group, Inc., (collectively referred to as "EA"), respectfully submit this Memorandum of Law in Support of their Motion for Reconsideration of the Court's Ruling on the Defendants, Edible Arrangements, LLC and Edible Arrangements Franchise Groups' Motion to Dismiss, dated September 30, 2003 ("Ruling").

## FACTS

The plaintiffs, Incredibly Edible Delites, Inc. and Incredible Franchise Corporation (collectively referred to as "IED") commenced the instant action against EA in the United States District Court for the Eastern District of Pennsylvania by way of Complaint, dated June 21, 2002. See Complaint, dated June 21, 2002. The Complaint is based upon the same factual predicate and essentially attempts to re-litigate issues previously settled in an earlier action between the parties, commenced in August 1999 ("Prior Action"). The Prior Action was ultimately resolved after substantial settlement negotiations and EA and IED entered into an expansive Settlement Agreement and Release, effective June 13, 2001 ("Settlement Agreement"). Indeed, IED acknowledged the existence of the parties' settlement in the Complaint. See Complaint, at ¶¶ 67-68. Accordingly, the Court in the Eastern District of Pennsylvania transferred the action to this Court, finding that "[t]he present action . . . involves issues of interpretation that, under the terms of the

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## ARGUMENT

### I. EA's Motion for Reconsideration Should Be Granted Because, in Ruling on a Motion to Dismiss, the Court May Consider Documents Outside the Four Corners of the Complaint

A motion for reconsideration may be granted where the motion sets forth matters that the Court may have overlooked that "might reasonably be expected to alter the conclusion reached by the Court." See Channer v. Brooks, No. 399CV2564, 2001 WL 1094964, at *1 (D. Conn. Sept. 10, 2001) (attached hereto as Exhibit A). "[T]he function of a motion for reconsideration is to present the Court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence." Id.

EA respectfully submits that there is one matter which, if considered by the Court, might reasonably be expected to alter the Court's decision denying the Motion to Dismiss. EA submits that in determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court is not limited to the four corners of the complaint, but rather, may consider other documents as well. See Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001); Sulton v. Wright, 265 F. Supp. 2d 292, 295-96 (S.D.N.Y. 2003). As such, the Court should have properly considered the terms of the Settlement Agreement in ruling on EA's Motion to Dismiss. Accordingly, EA's Motion for Reconsideration should be granted.

The Court's Ruling set forth, in pertinent part, that

> EA's primary contention is that res judicata, by virtue of the settlement agreement between the parties in the prior suit, precludes IED's instant claims. Resolution of the matter requires this court to apply contract

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> interpretation principles and assess the parties' intent by construing the terms of the settlement agreement. However, when ruling on a 12(b)(6) motion to dismiss, the court must limit its analysis to the four corners of the complaint. . . [T]he Court believes that this matter is not susceptible to a 12(b)(6) motion to dismiss.

Ruling at 6. Essentially, the Court declined to rule upon the merits of EA's Motion because it was constrained to the four corners of the Complaint and not entitled to interpret the terms of the Settlement Agreement. See id. However, the Court of the Appeals for the Second Circuit has held that in deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may consider documents incorporated by reference therein, as well as documents the plaintiff had in its possession or knew of and relied upon in bringing suit. See e.g. Gregory, 243 F.3d at 691; Cortec Indus., Inc. v. Sum Holding LP, 949 F.2d 42, 46-48 (2d Cir. 1991); see also Willsea v. Thies, No. 98CIV6773, 1999 WL 595629, *1, n.1 (S.D.N.Y. Aug. 6, 1999) (attached hereto as Exhibit B) (stating that in deciding a 12(b)(6) motion to dismiss, the court may consider not only documents incorporated by reference in the complaint, but also documents that the plaintiff had in its possession or knew of in bringing the suit).

IED was fully aware of the Settlement Agreement when it commenced the instant action against EA. IED acknowledges the parties' settlement of the Prior Action in the Complaint, although it did not attach the Settlement Agreement to the Complaint. See Complaint, at ¶¶ 67-68. However, this does not prevent the Court from interpreting the Settlement Agreement in determining its preclusory effect upon IED's instant causes of action. The Court "may consider other documents outside the four corners of the

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Settlement complaint as well, regardless of whether physically attached, when they are integral to the complaint and the pleader has notice of them or refers to them." Sulton, 265 F. Supp. 2d at 295-96 (citing Gregory, 243 F.3d at 691; Schnall v. Marine Midland Bank, 225 F.3d 263, 266 (2d Cir. 2000)). The Settlement Agreement is certainly an integral part of IED's claim because it contractually precludes IED's causes of action in the instant matter. See Sulton, 265 F. Supp. 2d at 296 (holding that the issue of exhaustion of administrative remedies was an integral part of plaintiff's claims because the action could not have been brought until such administrative remedies were exhausted). IED "should not so easily be allowed to escape" the preclusive effect of the Settlement Agreement merely because it chose not to attach the document to the Complaint. Cortec Indus., 949 F.2d at 47; see Sulton, 265 F. Supp. 2d at 295-96. Accordingly, EA respectfully requests that the Court grants its Motion for Reconsideration and consider the Settlement Agreement in ruling upon EA's Motion to Dismiss pursuant to Rule 12(b)(6).

## CONCLUSION

Based on the foregoing, the defendants, Edible Arrangements, LLC and Edible Arrangements Franchise Group, Inc., respectfully request that the Court grant their Motion for Reconsideration of the Ruling on the Defendants, Edible Arrangements, LLC and Edible Arrangements Franchise Groups' Motion to Dismiss, dated September 30, 2003, and grant the Motion to Dismiss, dated October 30, 2002.

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Dated: October 14, 2003
       Hartford, Connecticut

RESPECTFULLY SUBMITTED,

THE DEFENDANTS,
EDIBLE ARRANGEMENTS
FRANCHISE GROUP, INC., AND
EDIBLE ARRANGEMENTS, LLC

By: _____
Thomas J. Finn
Federal Bar No. ct 20929
Paula Cruz Cedillo
Fed. Bar No. ct 23485
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 522-6103

and

Kevin P. Walsh
Williams, Walsh & O'Connor
110 Washington Avenue, 2nd Floor
North Haven, Connecticut 06473
(203) 234-6333

-7-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

      This is to certify that on this 14th day of October 2003, a copy of the foregoing was mailed to:

John F.A. Earley, III, Esq.
Frank J. Bonini, Jr., Esq.
Charles L. Riddle, Esq.
Harding, Earley, Follmer & Frailey
86 The Commons at Valley Forge East
1288 Valley Forge Road
P.O. Box 750
Valley Forge, Pennsylvania 19482-0750

Barry Kramer, Esq.
Basam E. Nabulsi, Esq.
Mark D. Giarratana, Esq.
Eric Grondahl, Esq.
Cummings & Lockwood LLC
Four Stamford Plaza
P.O. Box 120
Stamford, Connecticut 06904-0120

                                                                                           Thomas J. Finn

474174

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105