Not Reported in F.Supp.2d
(Cite as: 2001 WL 1094964 (D.Conn.))

Page 1

Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

Claudious W. CHANNER, Petitioner,
v.
Warden Leslie BROOKS, Respondent

No. 399CV2564(CFD).

Sept. 10, 2001.

*RULING ON MOTIONS FOR RECONSIDERATION*

DRONEY, J.

*1 The petitioner has filed three motions for reconsideration [Documents # 10, 11, 12] of the Court's January 23, 2001 ruling denying his amended petition for a writ of habeas corpus without prejudice for failure to exhaust state court remedies. For the following reasons, the petitioner's motions for reconsideration are granted, but the relief requested is denied.

I. Standard for Reconsideration

The standard for granting a motion for reconsideration is strict. See *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* Thus, "the function of a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence." ' *LoSacco v. City of Middletown*, 822 F.Supp. 870, 876-77 (D.Conn.1993) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.1987)), *aff'd*, 33 F.3d 50 (2d Cir.1994). "[A] motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.*, 928 F.Supp. 287, 289 (S.D.N.Y.1996) (internal citations and quotations omitted).

II. Timing of the Motions for Reconsideration

As an initial matter, the petitioner's second and third motions for reconsideration [Documents # 11, 12] are untimely because they were filed more than ten days after the Court's January 23, 2001 ruling. *See* D. Conn. L. Civ. R. 9(e). The petitioner's second motion for reconsideration was filed on February 23, 2001, thirty-one days after the filing date of the Court's ruling, and his third motion for reconsideration was filed on March 19, 2001, fifty-five days after the Court's ruling. However, the petitioner captioned these motions, in part, respectively, "Nunc Pro Tunc" and "Supplemental." The Court thus construes these motions as requests for permission to amend or otherwise supplement his first motion for reconsideration, which requests are granted; and the Court will consider all three of the petitioner's motions for reconsideration.

III. Basis for Reconsideration

The petitioner raised two grounds for relief in his amended petition for a writ of habeas corpus. The petitioner claimed that the respondent, Warden Brooks, has refused to credit his state sentence with the time he served on his five-year federal sentence, which was vacated in 1998. The petitioner also claimed that he is being illegally confined in a state prison facility pursuant to a twenty-year sentence for robbery because the State of Connecticut abandoned its jurisdiction over him on January 10, 1990, when he pled guilty in federal court. In its January 23, 2001 ruling, the Court denied the amended petition because the petitioner had not alleged that he had raised either of his two claims in a state habeas petition or other state proceeding prior to filing the petition in this action. Thus, the Court concluded that the petitioner had failed to exhaust his state court remedies with respect to both claims in the amended petition.

*2 Now, the petitioner contends that prior to filing the present petition, he filed a motion for modification of and/or to correct an illegal sentence in his underlying state criminal case, and filed a state habeas petition. The petitioner claims that the state court denied his motion for modification of his sentence in 1999, and that he appealed the denial of his motion for modification. However, the record indicates that the appeal was withdrawn before it was finally decided. [FN1] Accordingly, to the extent that the petitioner raised one or both of the claims set forth in the present petition in his motion for modification of sentence, he has still not demonstrated that he exhausted those claims.

FN1. In a letter attached to the petitioner's

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

third motion for reconsideration, a court officer for the Hartford Superior Court indicates that the plaintiff appealed the rulings denying his motion for modification of his sentence, but the appeal was subsequently withdrawn.

The petitioner also alleges that he raised the same issues set forth in the instant petition in a state habeas petition. He claims that the state habeas petition has been pending for three years without a decision. Thus, the petitioner argues, the delay in his state habeas petition has rendered the state court exhaustion requirement futile.

The Supreme Court has cautioned that an exception to the exhaustion requirement is appropriate only where there is no opportunity to obtain redress in state court or where the state corrective procedure is so clearly deficient that any attempt to obtain relief is rendered futile. See _Duckworth v. Serrano,_ 454 U.S. 1, 3 (1981). In determining whether the petitioner has been deprived of due process because of delay, courts consider the factors set forth in _Barker v. Wingo,_ 407 U.S. 514 (1972). See, e.g., _Cody v. Henderson,_ 936 F.2d 715, 717-18 (2d Cir.1991); _United States v. Mohawk,_ 20 F.3d 1480, 1485 (9th Cir.1994). Those factors include the length of the delay, the reason for the delay, whether the petitioner asserted his rights, and whether the petitioner will suffer any prejudice as a result of the delay. See _Barker,_ 407 U.S. at 530.

Further, "[in] determining whether a delay of a prisoner's appeal violates due process ... no one factor is dispositive and all are considered together with the relevant circumstances." _Simmons v. Reynolds,_ 898 F.2d 865, 868 (2d Cir.1990). In cases concerning delay of post-trial proceedings, the courts also consider the interests of federal-state comity. See, e.g., _Brooks v. Johnson,_ 875 F.2d 30, 32 (2d Cir.1989).

The first factor that the Court must consider is the length of the delay. The docket sheet in the petitioner's state habeas case reveals that the petitioner filed his petition in March 1998. See _Channer v. Strange,_ No. CV-98-0411200- S (Conn.Super.Ct. Mar. 27, 1998). The state habeas corpus docket sheet from June of this year also indicates that the petition is still pending. The petitioner initially filed this action in December 1999. [FN2] See also _Channer v. Warden,_ No. CV980411200S, 2001 WL 950973, at *1 (Conn.Super.Ct. July 25, 2001) (referring to the petitioner's pending state habeas claims).

FN2. The petitioner also filed a state habeas petition in 1995, which only raised issues of ineffective assistance of counsel, and which was denied. See _Channer v. Warden,_ No. CV 911362S (Conn.Super.Ct. Feb. 8, 1996). Although the petitioner did not appeal that decision, he subsequently filed a petition for a new trial on bases other than those presented in the instant petition. The petition for a new trial was denied. See _Channer v. State,_ No. CV 910503029S, (Conn.Super.Ct. Sept. 12, 1997), aff'd, 738 A.2d 202 (Conn.App.Ct.), cert. denied, 739 A.2d 1247 (Conn.1999). In addition, although the Court notes that the petitioner's prior state habeas petition and his motion for a new trial mentioned the State's Attorney's alleged failure to abide by his plea agreement, and his trial counsel's failure to ensure that agreement, they did not raise the issues presented in this federal petition concerning the state court's jurisdiction or the calculation of the petitioner's state sentence.

*3 The Second Circuit has held that a three and one-half year delay in a direct appeal does not violate due process. Accordingly, the three year delay in the petitioner's state habeas corpus action is insufficient to demonstrate a due process violation or to find that exhaustion should be excused. See _Ralls v. Manson,_ 503 F.2d 491, 493-94 (2d Cir.1974) (three and one-half year delay in processing criminal appeal "not the equivalent of a complete absence of effective state appellate process"). But see, e.g., _Muwwakkil v. Hoke,_ 968 F.2d 284, 285-86 (2d Cir.) (holding that thirteen year delay in appeal violated due process), cert. denied, 506 U.S. 1024 (1992); _Mathis v. Hood,_ 937 F.2d 790 (2d Cir.1991) (six year delay of direct appeal excessive); _Diaz v. Henderson,_ 905 F.2d 652 (2d Cir.1990) (seven year delay of direct appeal excessive).

The petitioner's efforts to expedite the state proceedings are also relevant to this futility analysis. See _Osden v. Moore,_ 445 F.2d 806, 807 (1st Cir.1971) (petitioner repeatedly attempted to expedite court action by letters to court and counsel). In his first and second motions for reconsideration, the petitioner does not indicate that he has made any attempts to expedite the state habeas proceeding. In the petitioner's third motion for reconsideration, the petitioner states that in March 2001, he sent a letter to the Superior Court Judge in his habeas action

concerning the delay in the proceedings, but the letter was returned to him with instructions to file a motion in the case. The petitioner also states that he sent an application for a writ of mandamus to the Connecticut Appellate Court. The Chief Clerk returned the application to the petitioner in March 2001, with a letter informing the petitioner that a writ of mandamus can only be obtained from the Superior Court. There is no evidence that the petitioner subsequently filed a motion in the state habeas case or a writ of mandamus in Superior Court, or that he has made any other additional efforts to expedite his state habeas petition.

The Court should also consider whether the petitioner will suffer any prejudice as a result of the delay in the state proceeding. In *Cousart v. Hammock*, 580 F.Supp. 259, 268-69 (E.D.N.Y.1984), aff'd, 745 F.2d 776 (2d Cir.1984), the court indicated that an impaired ability to defend at retrial because of lost witnesses or lost evidence demonstrated such prejudice. The petitioner here, however, alleges that the delay has caused him to suffer stress, which is insufficient.

Evaluating the factors set forth in *Barker v. Wingo*, the Court concludes that the petitioner in this case has not been denied due process because of the delay. A three-year delay in the petitioner's state habeas corpus action is not unreasonable, and, at this point, pursuit of the petition for a writ of habeas corpus in the state court is not futile. Accordingly, the petitioner is not excused from exhausting his state remedies before proceeding in federal court.

IV. Conclusion

*4 Accordingly, the Court concludes that the plaintiff fails to meet his burden of identifying any "manifest errors of law or fact" which would require reconsideration of the Court's January 23, 2001 decision. *LoSacco*, 822 F.Supp. at 876. The plaintiff's motions for reconsideration are granted. However, after careful consideration of the arguments raised in the motion, the Court affirms its January 23, 2001 ruling denying the amended petition for a writ of habeas corpus. The petitioner may file a federal habeas corpus petition after he has exhausted his state remedies, including any state habeas corpus relief available to him. [FN3]

> FN3. The Court recognizes that in some circumstances a petitioner must receive notice and an opportunity to be heard before a district court dismisses a habeas petition on procedural grounds. See *Acosta v. Artuz*, 221 F.3d 117 (2d Cir.2000). Here, the Court granted reconsideration and gave the petitioner the opportunity to present his arguments and evidence of exhaustion.

The Court also concludes that this case does not involve a "mixed" habeas petition containing exhausted and unexhausted claims, which may require the Court to stay a portion of the case rather than dismiss it without prejudice. See *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.2001).

The Court also determines that the petition presents no question of substance for appellate review, and that the petitioner has failed to make a "substantial showing" of denial of a federal right. See *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983); *Rodriguez v. Scully*, 905 F.2d 24 (2d Cir.1990). Thus, a certificate of appealability will not issue.

SO ORDERED.

2001 WL 1094964 (D.Conn.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works