UNITED STATES DISTRICT COURT  **FILED**
DISTRICT OF CONNECTICUT

2004 MAY 14 A 9 44

| | |
|---|---|
| INCREDIBLY EDIBLE DELITES, INC., & <br> INCREDIBLE FRANCHISE CORPORATION, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> V. <br><br> EDIBLE ARRANGEMENTS, LLC, & <br> EDIBLE ARRANGEMENTS <br> FRANCHISE GROUP, INC., <br><br> Defendants/Counterclaim Plaintiffs. | U.S. DISTRICT COURT <br> HARTFORD, CT. <br><br><br> CIV. ACTION NO. <br> 3:02:CV:1529 (AVC) <br><br><br><br><br><br><br><br><br> May 13, 2004 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFFS ON
COUNT I OF PLAINTIFFS' COMPLAINT AND ON COUNTS V AND VI OF
DEFENDANTS' COUNTERCLAIM**

**I.   INTRODUCTION**

Plaintiffs, Incredible Edible Delites, Inc. and Incredible Franchise Corporation, (collectively "IED"), respectfully submit this Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment for Plaintiffs on Count I of Plaintiffs' Complaint and on Counts V and VI of Defendants' Counterclaim so as to eliminate issues for which there is no genuine dispute.

**II.   FACTUAL SUMMARY**

Incredibly Edible Delites owns United States Trademark Registration No. 1,755,554 for the mark INCREDIBLY EDIBLE DELITES, INC., EDIBLE FLORAL CREATIONS and design. (Ex. 2) IED uses the mark of United States Trademark Registration No. 1,755,554 with the creation, sale and delivery of decorative fruit baskets, and franchise

services. (Counterclaim ¶ 6) Edible Arrangements/Defendants own and/or operate a business that creates, sells and delivers decorative fruit baskets and offers for sale franchises for the creation, sale and delivery of decorative fruit baskets. (Answer ¶ 68, Counterclaim ¶ 5)

IED operates a website through which its goods and/or services are advertised and/or offered for sale. (Ex. 36) EA/the Defendants operate a website through which its goods and/or services are advertised and/or offered for sale. (Ex. 43, 46, 48) Edible Arrangements used confusingly similar variations of IED's United States Trademark Registration No. 1,755,554. (Ex. 50-54) EA used confusingly similar variations of, or portions of IED's United States Registered Trademark Registration No. 1,755,554 by purchasing sponsored keywords. (Ex. 52, 53, 54) EA uses IED's United States Trademark Registration No. 1,755,554, or confusingly similar variations thereof, in the HTML code of EA's website. (Ex. 50, 51)

When an individual enters terms and phrases into certain search engines, those search engines determine compatible results and display Internet websites responsive to that individual's search by searching the metatags of websites on the Internet. As a result, use of various terms and phrases in the metatags of websites has become a method by which some companies can attempt to attract certain customers to their websites. (Counterclaim ¶ 12) EA does not use the confusingly similar variations of IED's United States Trademark Registration No. 1,755,554 other than in hidden HTML code of EA's website and with internet keyword sponsorship. (Ex. 51-54) The HTML source code and/or metatags are used by internet search engines for indexing the contents of a website and providing results for an internet search. (Counterclaim ¶ 12) Plaintiffs' purpose for

bringing the instant suit was to redress trademark rights. (See *infra* ¶¶ 17-38) Plaintiffs use trademarks with their business, including IED's registered INCREDIBLY EDIBLE mark and IED's FRUITFLOWERS mark. (Ex. 1,3). Plaintiff Incredibly Edible Delites is the record owner of Incredibly Edible Delites owns United States Trademark Registration No. 1,755,554 for the mark INCREDIBLY EDIBLE DELITES, INC., EDIBLE FLORAL CREATIONS and design. (Ex. 2)

The mark of U.S. Trademark Application Serial No. 76/419,412 was asserted in this suit. (Ex. 56) IED filed Trademark Application Serial No. 76/419,412 with the United States Patent and Trademark Office to register FRUITFLOWERS for use with the following goods/services: floral fruit and vegetable arrangements consisting of cut or sliced fruits and vegetables. (Ex. 56) The United States Patent and Trademark Office believes that Trademark Application Serial No. 76/419,412 is capable of functioning as a trademark for floral fruit and vegetable arrangements consisting of cut or sliced fruits and vegetables. (Ex. 58) Former T.T.A.B. member, Gary Krugman, believes that United States Patent and Trademark Office is correct in finding that Trademark Application Serial No. 76/419,412 is capable of functioning as a trademark for floral fruit and vegetable arrangements consisting of cut or sliced fruits and vegetables. (Ex. 126)

The mark of U.S. Trademark Application Serial No. 76/419,405 was asserted in this suit as (Ex. 57). IED filed Trademark Application Serial No. 76/419,405 with the United States Patent and Trademark Office to register FRUITFLOWERS.COM for use with the following goods/services: floral fruit and vegetable arrangements consisting of cut or sliced fruits and vegetables. (Ex. 57) The United States Patent and Trademark Office believes that Trademark Application Serial No. 76/419,405 is capable of

3

functioning as a trademark for floral fruit and vegetable arrangements consisting of cut or sliced fruits and vegetables. (Ex. 126)  Former T.T.A.B. member, Gary Krugman, believes that United States Patent and Trademark Office is correct in finding that Trademark Application Serial No. 76/419,405 is capable of functioning as a trademark for floral fruit and vegetable arrangements consisting of cut or sliced fruits and vegetables. (Ex. 126)

Defendants used the terms "Incredible", Delights", Edible Delight", "Delite", and "Eatible", "Fruitflowers", and "Fruit Flowers" in HTML code on the EA website. (Ex. 50-54)  IED's registered mark comprises one or more of "Incredible" "Edible", and "Delites". (Ex. 2)  Defendants and Plaintiffs provide the similar goods and services. (*Supra* ¶ 2-3)  Plaintiff used the term FRUITFLOWERS in connection with the sale of Decorative fruit baskets and/or franchise services. (Ex. 36, 37)  IED used FRUITFLOWERS before EA used FRUITFLOWERS. (Ex. 65-67)

Tariq Farid provided computer consulting services to IED at a time prior to the commencement of EA's decorative fruit business. (Farid Affidavit Dep. ¶ 5, 6, and 7) EA used FRUITFLOWERS in HTML code of EA's website. (ex. 50-51)  The domain name www.fruitflowers.com and www.fruitflower.com are identical, except for the letter "s".  The websites www.lawyers.com and www.lawers.com are identical except for the letter "y". (Deposition of Tariq Farid "T. Farid Dep. p. 64)[1]  Mr. Farid registered the domain name www.fruitflower.com (without "s"). (T. Farid Dep. p. 62-63)  Mr. Farid registered the domain name www.fruitflower.com (without "s") on behalf of EA. (T. Farid Dep. p. 63, line 10) Mr. Farid registered the domain name www.lawers.com (without the "y"). (T. Farid Dep. p. 64)  Mr. Farid has a history of registering domain

---

[1] Submitted as CONFIDENTIAL under seal.

4

names that are likely to be confused with domain names that are used by others. (see *supra*)

## III. LEGAL ARGUMENT

### A. Standard of Review

In a "motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law." Guardian Life Ins. Co. of Am. v. Guardian Group-Gerardi Assoc., Inc., No. 291CV169 (AVC), 1993 U.S. Dist. LEXIS 19520 at *3-4 (D. Conn. Feb. 25, 1993)(citing Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)).

In deciding a motion for summary judgment, the court must decide whether there is a genuine issue of material fact and then inquire into whether the moving party is entitled to summary judgment as a matter of law. F.R.C.P. Rule 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322; 106 S. Ct. 2548, 2552; 91 L. Ed. 2d 265 (1986). Once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, however, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp. 475 U.S. 574, 586, 106 S. Ct. 1348, 1356; 103 L. Ed. 2d 866 (1986). Thus, if the non-movant's evidence is "merely colorable" or is "not significantly probative," the court may grant summary judgment. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511; 91 L. Ed. 2d 202 (1986).

Like those cases, in the instant case, the Court has the authority to grant summary judgment on any and all issues where the Court finds no genuine issue of material fact

5

exists. Summary judgment is especially appropriate in this case where the facts indisputably establish the elements of the cause of action.

### B. Plaintiffs' Complaint-Count I-Trademark Infringement - Registration No. 1,755,554.

No genuine issue of material fact remains to be tried with respect to Defendants' trademark infringement count under § 32 of the Laham Act pertaining to U.S. Trademark Registration No. 1,755,554 before registration. A cause of action "' for trademark infringement exists . . . where an individual uses a trademark registered to another (1) without consent, (2) in connection with the sell of goods, (3) where such use is likely to cause confusion or to deceive purchasers as to the source and origin of the good.'" Haydon Switch and Instrument, Inc. v. Rexnord, Inc., No. N86-190(JAC), 1987 U.S. Dist. LEXIS 11268, at *16 (D. Conn. June 3, 1987) (quoting Franchised Stores of New York, Inc. v. Winter, 394 F. 2d 664, 668 (2d Cir. 1968),; Sasson Jeans, Inc. v. Sasson Jeans, L.A., Inc., 632 F. Supp. 1525 (S.D.N.Y. 1986); see also, Nabisco Brands, Inc. v. Arnold Kaye, 760 F. Supp. 25 (D. Conn. 1991).

In this case the parties' products and services are competitive, and the Defendants have used confusingly similar variations of Plaintiffs' registered mark. See L.R. 51(a) Statement. ¶ 1-13. Moreover, the subsequent user of a mark has a duty to choose a mark or a name so as to avoid all confusion as to the source or the origin of its goods or its services. Newport Elecs. v. The Newport Corp., 157 F. Supp. 2d. 202, 221 (D. Conn. 2001). The Second Circuit has "emphatically stated that a registrant of a mark is presumptively entitled to protection from a newcomer's use of a similar mark in direct competition, ' particularly when no reasonable explanation is offered to show the second

6

comer's need to come so close to the mark'" Playboy Enterprises, Inc. v. Chuckleberry Publishing, 687 F.2d 563, 569 (2d Cir. 1982). Its clear that EA's use of IED's registered mark within the HTML code on its website is likely to result in confusion among potential purchasers. See Vahari v. Gross, 119 F. Supp. 2d 309, 312 (S.D.N.Y. 2000); PACCAR, Inc. v. Telescan Tech. L.L.C., 115 F. Supp. 2d 772, 775 (E.D. Mich. 2000).

Moreover, where a party captures customers using another's trademark, the party may be liable for infringement based on the theory of initial interest confusion. The case is 777388 Onterio Ltd. v. Lencore Acoustics Corp., 105 F. Supp 2d 56, 62 (S.D.N.Y. 2000); BigStar Entertainment, Inc. v. Next Big Star, Inc., 105 F. Supp. 2d 185, 207-211 (S.D.N.Y. 2000); Obh, Inc. v. Spot Light Magazine, Inc., 86 F. Supp. 2d 176, 195 (W.D.N.Y. 2000).

Plaintiffs' are entitled to summary judgment for this cause of action on the unconverted facts submitted herewith pursuant to L.R.56 (a)(1) ¶¶ 1-13. This being the case, Plaintiffs are entitled to judgment as a matter of law on Count I of Plaintiffs' Complaint for infringement of Plaintiffs' registered mark. Under these circumstances it becomes clear that Plaintiffs are entitled to judgment on a matter of law as their count of trademark infringement.

## C. Judgment Must be Awarded to Plaintiffs on Defendants' Counterclaim for Abuse of Process -- Count V of Defendants' Counterclaim

No genuine issue of material fact remains to be tried with respect to Defendants' counterclaim for abuse of process (Count V of Defendants' Counterclaim). To prevail on a cause of action for abuse of process, "a claimant must 'point to specific misconduct intended to cause specific injury outside the normal contemplation of private litigation.'"

Norse Sys., Inc. v. Tingley Sys., 715 A.2d 807, 819 (Conn. App. 1998) (citing Mozzochi v. Beck, 204, 529 A.2d 171, 174 (1987)). In other words, in order for a claimant to prevail in an abuse of process claim, it must prove that the party against whom the claim has been asserted, brought process for some ulterior motive, i.e., not the purpose for which the process is designed. See Eurotech, Inc. v. Cosmos European Travels Aktiengesellschaft, 189 F. Supp. 2d 385 (E.D. Va. 2002).

Plaintiffs use trademarks with their business, including IED's registered INCREDIBLY EDIBLE mark and IED's FRUITFLOWERS mark. (Ex. 1-3). Plaintiffs legitimate purpose in protecting its trademarks is overwhelmingly supported, and cannot be contradicted. On the facts at issue here, the Defendants cannot establish that Plaintiffs' suit is anything other than a legitimate assertion of trademark rights. Plaintiffs are entitled to judgment as a matter of law.

The claims brought by Plaintiffs against the Defendants were for the purpose of asserting trademark rights in order to protect valuable assets of Plaintiffs' business. There was no ulterior motive in bringing the suit, and Defendants have no basis for continuing their claim. Defendants neither plead, nor offer any evidence to the contrary. See Eurotech, Inc. v. Cosmos European Travels, 189 F. Supp. 2d 385, 62 U.S.P.Q.2D 1132.

Where "an original trademark owner is simply attempting to protect its rights in a mark in good faith, claims of injury by the Defendants based on suppression of competition are routinely rejected." First Fidelity Bancorporation v. First Fidelity Capital Corp., 723 F. Supp. 246, 250 (D.N.J. 1989) (citing Miller Brewing Co. v. Anheuser Bush, Inc., 676 F. Supp. 1436 (E.D. Wisc. 1987); Coca-Cola Co. v. Overland, 692 F.2d 1250

(9th Cir. 1982) (Defendants' counterclaims were dismissed by summary judgment where Plaintiffs were seeking only to protect its trademark)).

In addition, Professor McCarthy has even noted that proving a claim for abuse of process is indeed similar to a malicious prosecution claim:

> To maintain a counterclaim for malicious prosecution based upon the bringing of a trademark infringement claim, it must be proven that there was a lack of probable cause or a 'reasonable ground' for bringing of the infringement suit. . . . A similar, if not identical test applies to counterclaims based on torts of defamation, trade libel, tortuous interference, unfair competition, prima facie tort and *abuse of process*." (emphasis added).

J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §31.103, at 31-178 (2002) (citations omitted).

Here, the evidence overwhelmingly requires summary judgment to be entered for Plaintiffs on Defendants' abuse of process claim (Counterclaim Count V). The United States Patent and Trademark Office (USPTO), as well as a former TTAB member, Mr. Krugman (the TTAB being the authority of trademarks for the USPTO), both deem Plaintiffs' use of FRUITFLOWERS to be a term which Plaintiffs may have, and according to these sources, have, a legitimate trademark interest in for the goods and services used therewith. Thus, even Defendants' attack of genericness must fail. However, whether it fails or not, Plaintiffs, in order to defeat the abuse of process claim, have clearly shown that they are advancing a legitimate claim in their FRUITFLOWERS marks.

Accordingly, for these reasons reason alone, the Defendants' abuse of process claim must be dismissed.

9

In addition, Defendants' claims for abuse of process also fails, because the <u>Noerr-Pennington</u> doctrine confers immunity to those seeking to rederess to protect their trademarks. (See <u>Eurotech, Inc. v. Cosmos European Travels Aktiengesellschaft</u>, 189 F. Supp. 2d 385 (E.D. Va. 2002) (applying the <u>Noerr-Pennington</u> doctrine and dismissing an abuse of process claim brought against a party, where the party against whom the abuse of process claim was asserted had a legitimate aim to protect its trademarks).

The only exception is sham litigation. However, for the same reasons as those set forth above, there is no sham litigation, but rather, only the protection by Plaintiffs of their legitimate trademark rights.

IED has sought to stop the continuing erosion of their hard-earned goodwill that was caused by Defendants' willful and continued infringement of IEDs' trademarks, and EA has made no allegation otherwise. Accordingly, judgment should be entered for Plaintiffs on Defendants' counterclaim Count V.

### D. Judgment Must be Awarded to Plaintiffs on Defendants' Counterclaim for Violation of CUTPA.

No genuine issue of material fact remains to be tried with respect to Defendants' counterclaim for violation of CUTPA. To prevail on a claim for violation of the Connecticut Unfair Trade Practices Act (counterclaim 6) a claimant must prove that there has been unfair competition. Any competition here, was the result of fair competition. In addition, for the same reasons set forth above, commanding judgment for Plaintiffs on the defendants' abuse of process claim, judgment must also be awarded to Plaintiffs on Defendants' CUTPA claim. The Plaintiffs' legitimate interest in protecting its trademarks is fully protected by the law. The Second Circuit has concluded that the filing of a single

non-sham lawsuit cannot form the basis of a claim under CUTPA or Connecticut's common law of tortious interference with a business expectancy. Suburban Restoration Co., Inc. v. Acmat Corporation, 700 F.2d 98, 102 (2d Cir. 1983) (applying Noerr-Pennington doctrine and affirming the dismissal of the claim).

For the above reasons, Plaintiffs' respectfully request entry of judgment for Plaintiffs on counterclaim Count VI, the CUTPA claim.

## IV. CONCLUSION

The Plaintiffs have established that there is no genuine issue of material fact to be tried with respect to the above mentioned claims/counterclaims.

Given these facts, this Court should review the evidence in this case and find as a matter of law that the Plaintiffs are entitled to summary judgment on the above mentioned claims.

Dated: 4/13/2004

Respectfully submitted,

**HARDING, EARLEY, FOLLMER & FRAILEY**

By: _____
John F. A. Earley III (CT24120)
Frank J. Bonini, Jr. (CT24119)
Charles L. Riddle (CT24133)
1288 Valley Forge Road
86 the Commons at Valley Forge East.
P.O. Box 750
Valley Forge, Pennsylvania 19482-0750
Tel. (610) 935-2300

Attorneys for Incredibly Edible Delites, Inc., and Incredible Franchise Corporation