**FILED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

2004 MAY 14 A 9: 43

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| INCREDIBLY EDIBLE DELITES, INC., & <br> INCREDIBLE FRANCHISE CORPORATION, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> V. <br><br> EDIBLE ARRANGEMENTS, LLC, & <br> EDIBLE ARRANGEMENTS <br> FRANCHISE GROUP, INC., <br><br> Defendants/Counterclaim Plaintiffs. | CIV. ACTION NO. <br> 3:02:CV:1529 (AVC) <br><br><br><br> May 13, 2004 |

## LOCAL RULE 56(a)1 STATEMENT

1.  Incredibly Edible Delites owns United States Trademark Registration No. 1,755,554 for the mark INCREDIBLY EDIBLE DELITES, INC., EDIBLE FLORAL CREATIONS and design. (Ex. 2)

2.  IED uses the mark of United States Trademark Registration No. 1,755,554 with the creation, sale and delivery of decorative fruit baskets, and franchise services. (Counterclaim ¶ 6)

3.  Edible Arrangements/Defendants own and/or operate a business that creates, sells and delivers decorative fruit baskets and offers for sale franchises for the creation, sale and delivery of decorative fruit baskets. (Answer ¶ 68, Counterclaim ¶ 5)

4.  IED operates a website through which its goods and/or services are advertised and/or offered for sale. (Ex. 36)

5. EA/the Defendants operate a website through which its goods and/or services are advertised and/or offered for sale. (Ex. 43, 46, 48)

6. Edible Arrangements used confusingly similar variations of IED's United States Trademark Registration No. 1,755,554. (Ex. 50-54)

7. EA used confusingly similar variations of, or portions of IED's United States Registered Trademark Registration No. 1,755,554 by purchasing sponsored keywords.

8. (Ex. 52, 53, 54)

9. EA uses IED's United States Trademark Registration No. 1,755,554, or confusingly similar variations thereof, in the HTML code of EA's website. (Ex. 50, 51)

10. When an individual enters terms and phrases into certain search engines, those search engines determine compatible results and display Internet websites responsive to that individual's search by searching the metatags of websites on the Internet. As a result, use of various terms and phrases in the metatags of websites has become a method by which some companies can attempt to attract certain customers to their websites. (Counterclaim ¶ 12)

11. EA does not use the confusingly similar variations of IED's United States Trademark Registration No. 1,755,554 other than in hidden HTML code of EA's website and with internet keyword sponsorship. (Ex. 51-54)

12. The HTML source code and/or metatags are used by internet search engines for indexing the contents of a website and providing results for an internet search. (Counterclaim ¶ 12)

13. There is no genuine issue that the purpose for bringing the instant suit was to redress trademark rights. (See *infra* ¶¶ 17-38)

2

14. Plaintiffs use trademarks with their business, including IED's registered INCREDIBLY EDIBLE mark and IED's FRUITFLOWERS mark. (Ex. 1,3).

15. There is no genuine issue that Plaintiff Incredibly Edible Delites is the record owner of Incredibly Edible Delites owns United States Trademark Registration No. 1,755,554 for the mark INCREDIBLY EDIBLE DELITES, INC., EDIBLE FLORAL CREATIONS and design. (Ex. 2)

16. There is no genuine issue that Trademark Application Serial No. 76/419,412 was asserted in this suit. (Ex. 56)

17. There is no genuine issue that IED filed a Trademark Application Serial No. 76/419,412 with the United States Patent and Trademark Office to register FRUITFLOWERS for use with the following goods/services: floral fruit and vegetable arrangements consisting of cut or sliced fruits and vegetables. (Ex. 56)

18. There is no genuine issue that the United States Patent and Trademark Office believes that Trademark Application Serial No. 76/419,412 is capable of functioning as a trademark for floral fruit and vegetable arrangements consisting of cut or sliced fruits and vegetables. (Ex. 58)

19. There is no genuine issue that a former T.T.A.B. member, Gary Krugman, believes that United States Patent and Trademark Office is correct in finding that Trademark Application Serial No. 76/419,412 is capable of functioning as a trademark for floral fruit and vegetable arrangements consisting of cut or sliced fruits and vegetables. (Ex. 126)

20. There is no genuine issue that Trademark Application Serial No. 76/419,405 was asserted in this suit as (Ex. 57).

21.     There is no genuine issue that IED filed a Trademark Application Serial No. 76/419,405 with the United States Patent and Trademark Office to register FRUITFLOWERS.COM for use with the following goods/services: floral fruit and vegetable arrangements consisting of cut or sliced fruits and vegetables. (Ex. 57)

22.     There is no genuine issue that the United States Patent and Trademark Office believes that Trademark Application Serial No. 76/419,405 is capable of functioning as a trademark for floral fruit and vegetable arrangements consisting of cut or sliced fruits and vegetables. (Ex. 126)

23.     There is no genuine issue that a former T.T.A.B. member, Gary Krugman, believes that United States Patent and Trademark Office is correct in finding that Trademark Application Serial No. 76/419,405 is capable of functioning as a trademark for floral fruit and vegetable arrangements consisting of cut or sliced fruits and vegetables. (Ex. 126)

24.     There is no genuine issue that Defendant used the terms "Incredible", Delights", Edible Delight", "Delite", and "Eatible", "Fruitflowers", and "Fruit Flowers" in HTML code on the EA website. (Ex. 50-54)

25.     There is no genuine issue that IED's registered mark comprises one or more of "Incredible" "Edible", and "Delites". (Ex. 2)

26.     There is no genuine issue that defendants and plaintiffs provide the similar goods and services. (*Supra* ¶ 2-3)

27.     There is no genuine issue that plaintiff used the term FRUITFLOWERS in connection with the sale of decorative fruit baskets and/or franchise services. (Ex. 36, 37)

28.     There is no genuine issue that IED used FRUITFLOWERS before EA used FRUITFLOWERS. (Ex. 65-67)

29.     There is no genuine issue that Tariq Farid provided computer consulting services to IED at a time prior to the commencement of EA's decorative fruit business. (Farid Affidavit Dep. ¶ 5, 6, and 7)

30.     There is no genuine issue that EA used FRUITFLOWERS in HTML code of EA's website. (ex. 50-51)

31.     There is no genuine issue that the domain name www.fruitflowers.com and www.fruitflower.com are identical, except for the letter "s".

32.     There is no genuine issue www.lawyers.com and www.lawers.com are identical except for the letter "y". (Deposition of Tariq Farid "T. Farid Dep. p. 64)[1]

33.     There is no genuine issue that Mr. Farid registered the domain name www.fruitflower.com (without "s"). (T. Farid Dep. p. 62-63)

34.     There is no genuine issue that Mr. Farid registered the domain name www.fruitflower.com (without "s") was done on behalf of EA. (T. Farid Dep. p. 63, line 10)

35.     There is no genuine issue Mr. Farid registered the domain name www.lawers.com (without the "y"). (T. Farid Dep. p. 64)

36.     There is no genuine issue that Mr. Farid has a history of registering domain names that are likely to be confused with domain names that are used by others. (see *supra* ¶¶ 38-42)

---

[1] Submitted as CONFIDENTIAL under seal.

Dated: 4/13/04

RESPECTFULLY SUBMITTED,

THE PLAINTIFFS
INCREDIBLY EDIBLE DELITES,
INC. AND INCREDIBLE
FRANCHISE CORPORATION

By: *[signature]*

John F. A. Earley III (CT24120)
Frank J. Bonini, Jr. (CT24119)
Charles L. Riddle (CT24133)
P.O. Box 750
Valley Forge, Pennsylvania 19482-0750
Tel. (610) 935-2300
Attorneys for Incredibly Edible Delites, Inc.,
and Incredible Franchise Corporation