UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 AUG 22  A 11: 20

| | |
|---|---|
| INCREDIBLY EDIBLE DELITES, INC., & INCREDIBLE FRANCHISE CORPORATION, | |
| Plaintiffs/Counterclaim Defendants, | |
| V. | CIV. ACTION NO. 3:02:CV:1529 (AVC) |
| EDIBLE ARRANGEMENTS, LLC, & EDIBLE ARRANGEMENTS FRANCHISE GROUP, INC., | |
| Defendants/Counterclaim Plaintiffs. | August 19, 2005 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO AMEND THE COMPLAINT**

Plaintiffs Incredibly Edible Delites, Inc., and Incredible Franchise Corporation (hereinafter collectively "IED"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Support of its Motion to Amend the Complaint (the "Motion").

## INTRODUCTION

IED seeks to amend its complaint to plead ownership of the United States Registration No. 2,854,562 for the mark INCREDIBLY EDIBLE DELITES, INC. WWW.FRUITFLOWERS.COM and design for floral fruit a vegetable arrangements consisting of cut or sliced fruit and vegetables.[1]

The Motion easily satisfies the liberal standards for amendment articulated in Rule 15 of the Federal Rules of Civil Procedure and should be granted for the reasons more fully discussed below.

---

[1] Attached hereto as Exhibit A is the proposed Amended Complaint. Attached hereto as Exhibit B are the relevant pages of Exhibit A "redlined" showing the proposed changes to the original pleading.

## PROCEDURAL BACKROUND [2]

On June 21, 2002 a complaint was filed against the defendants in the Eastern District of Pennsylvania. By order of August 23, 2002 the action was transferred to the District of Connecticut. On October 30, 2002 the defendants filed a motion to dismiss the complaint on November 13, 2002 a settlement conference was held but the case did not settle. On September 30, 2003 the Court issued a ruling denying the motion to dismiss. On May 25, 2004, shortly after both partied filed motions for summary judgment, notice was made to the court that settlement was reached. There after, until April of 2005, the parties engaged in extensive settlement negotiations. However, settlement was not reached and the scheduling order was reset on April 25, 2005, and since then, the partied have been involved in discovery.

## ARGUMENT

### Standard of Review on Motion to Amend the Fed. R. Civ. P. 15

Although the granting of the motion to amend is within the sound discretion of the District Court, the general rule pursuant to Rule 15(a) of the Federal Rules of Civil Procedure is that leave to amend is liberally and freely granted in the absence of prejudice, undue delay, or bad faith. Foman v. Davis, 371 U.S. 171, 182 (1962).

Similarly, Rule 15(d) permits a party to move to serve a supplemental pleading setting forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15 (d); Wells v. Harris, 185 F.R.D. 128 (D. Conn. 1999).

The non-moving partying bears a heavy burden in opposing a motion to amend. The Supreme Court has articulated several factors which militate against amendment, including undue delay, bad faith, or dilatory motive on part of the movant, repeated failure to cure

---

[2] This chronology is abbreviated and includes some relevant dates of occurrences in this matter.

2

deficiencies by amendments previously allowed, and futility of amendment, for example. Id. at 182.

### Defendants Cannot Show Any Prejudice if the Motion to Amend Is Granted

In this case, it's difficult to conceive how the opposed amendment would cause any prejudice to the defendants. The validity of IED's FRUITFLOWERS mark and IED's INCREDIBLY EDIBLE DELITES mark are at the core of this civil action. Moreover, if the motion to amend were denied, plaintiffs would have to seek relief in the form of initiating another civil action for infringement of a registered mark. Thus, permitting amendment will further the notions of judicial economy. Furthermore, discovery is open until November 23, 2005.

Given the liberal standard to be employed by the Court ruling upon Plaintiff's motion to amend, the motion should be granted.

## **CONCLUSION**

For each of the above stated reasons, Plaintiffs respectfully request that their Motion to Amend the Complaint be granted and that the Court enter an order permitting it to file its amended complaint attached hereto as Exhibit "A", together with such other and further relief as the Court deems just and proper.

Dated: 8/19/05

RESPECTFULLY SUBMITTED,

THE PLAINTIFFS
INCREDIBLY EDIBLE DELITES,
INC. AND INCREDIBLE
FRANCHISE CORPORATION

By: _____
John F. A. Earley III (CT24120)
Frank J. Bonini, Jr. (CT24119)
Charles L. Riddle (CT24133)
P.O. Box 750
Valley Forge, Pennsylvania 19482-0750
Tel. (610) 935-2300
Attorneys for Incredibly Edible Delites, Inc.,
and Incredible Franchise Corporation

4