B

47. The INCREDIBLY EDIBLE marks, and the extensive recognition and goodwill symbolized by the INCREDIBLY EDIBLE marks, are extremely valuable assets of incredibly Edible.

48. The INCREDIBLY EDIBLE marks are inherently distinctive.

49. The INCREDIBLY EDIBLE marks have become distinctive through the acquisition of secondary meaning.

50. The INCREDIBLY EDIBLE marks are owned by Incredibly Edible Delites and Incredibly Edible controls the quality of the franchise sales and franchise services provided under the INCREDIBLY EDIBLE marks.

51. The INCREDIBLY EDIBLE marks are valid and are entitled to protection under federal and state laws.

51.1 Since as early as December 2002, Incredible Edible has been using the mark INCREDIBLY EDIBLE DELITES, INC. WWW.FRUITFLOWERS.COM and design for floral fruit and vegetable arrangements consisting of cut or sliced fruits and vegetables. The mark INCREDIBLE EDIBLE DELITES, INC. WWW.FRUITFLOWERS.COM and design is registered as Registration No. 2,854,562 for use in connection floral fruit and vegetable arrangements consisting of cut or sliced fruits and vegetables. Registration No. 2,854,562 is valid and subsisting on the principal register of the United States Patent and Trademark Office.

51.2 The registered mark INCREDIBLY EDIBLE DELITES, INC. WWW.FRUITFLOWERS.COM and design (hereinafter referred to as the "registered IED/fruitflower.com mark") had become famous in the decorative industry and the public, through the substantial marketing and advertising efforts, and is recognized throughout the industry and by the public as the exclusive property of Incredibly Edible.

51.3 The registered IED/fruitflower.com mark, and the extensive recognition and the goodwill symbolized, by the IED/fruitflower.com mark, are extremely valuable assets to Incredibly Edible.

51.4 The registered mark IED/fruitflowers.com is inherently distinctive.

51.5 The registered mark IED/fruitflowers.com has become distinctive through reacquisition of secondary meaning.

51.6 The registered IED/fruitflower.com mark is owned by Incredible Edible Delites and licensed for used to its franchisees. Incredibly Edible Delites controls the quality of the product sold and services provided by its franchisees under the IED/fruitflower.com mark.

<u>51.7  The registered IED/fruitflower.com mark is valid and is under protection under federal and state laws.</u>

52. In or around February 1997, Incredibly Edible engaged Daisy Systems, Inc. ("DSI") to develop a software program to assist Incredibly Edible's business operations. DSI referred Incredibly Edible to its eastern United States distributor, Northeast Systems Group, Inc. and its president, Tariq Farid.

53. At an initial meeting, Incredibly Edible disclosed to Tariq Farid confidential information including, <u>inter alia</u>, Incredibly Edible's business and operational needs.

54. Incredibly Edible also requested that Tariq Farid develop a computer program to, *inter alia*, input orders, track inventory, and maintain sales information and financial data.

55. Tariq Farid advised Incredibly Edible that DSI owned a computer program entitled "Daisy Floral Management System" ("DFMS") which was used by florists. Tariq Farid further advised Incredibly Edible that he would customize the DFMS program to satisfy Incredibly Edible's specific business needs.

56. During development of the customized DFMS program for Incredibly Edible, Tariq Farid requested, received, and examined Incredibly Edible's confidential and non-confidential business information including brochures, designs, and sales information.

57. In or around April 1997, defendant Tariq Farid visited Incredibly Edible's business premises to install the computer hardware and customized DFMS software program at Incredibly Edible's Broomall office. During this time, defendant Tariq Farid had access to all design, sales, financial data and confidential business information of Incredibly Edible. At that time, Tariq Farid further reviewed on-site creation of Incredibly Edible's decorative fruit baskets, including Incredibly Edible's floral fruit bouquets.

58. After initial installation of the customized DFMS software program, Tariq Farid maintained regular telephone contact with Incredibly Edible. Tariq Farid also made at least one (1) additional on-site visit to Incredibly Edible's Broomall office.

59. On the recommendation of Incredibly Edible Delites, Tariq Farid rendered similar services to several of Incredibly Edible's franchisees.

60. Tariq Farid was paid in full for all services rendered to Incredibly Edible Delites and its franchisees.

61. Under the guise of their computer consultation relationship, Tariq Farid spent significant time questioning employees of Incredibly Edible about its designs, arrangements, customer interest and base, business costs, profits, growth, franchise operations and plans.

7

metatag and/or searchable portal keyword began after Incredibly Edible's registered mark INCREDIBLY EDIBLE and INCREDIBLY EDIBLE marks became famous.

96. Edible Arrangements continues the aforesaid acts with full knowledge of their unlawful and infringing activities.

97. Edible Arrangements have acted blatantly and willfully and intend to continue the aforesaid acts of infringement and unfair competition.

98. Incredibly Edible has sustained irreparable harm to its business, reputation, and goodwill, and unless Edible Arrangements are enjoined and restrained by this court, Edible Arrangements will continue in the activities alleged herein and as a result thereof, Incredibly Edible will continue to sustain irreparable harm to its business, reputation and goodwill.

## COUNT I
### Federal Trademark Infringement
### Under Section 32 of the Lanham Act.

99. The allegations of paragraphs 1-98, inclusive, are repeated and herein incorporated by reference.

100. Plaintiffs aver that the aforesaid acts of defendants are likely to cause confusion, to cause mistake, and to deceive, in violation of 15 U.S.C. § 1114, and therefore constitute infringement of Plaintiffs' rights in the registered trademark "INCREDIBLY EDIBLE DELITES, INC. EDIBLE FLORAL CREATIONS" and design.

101. Defendants have acted willfully with the knowledge that their activities are intended to cause confusion, to cause mistake, and to deceive, and are attended by circumstances of malice or of a wanton and reckless disregard for plaintiffs' rights, entitling plaintiffs to an award of treble damages and reasonable attorney's fees.

102. By reason of defendants' acts, as alleged herein, plaintiffs have and will suffer damages and immediate and irreparable harm to plaintiffs' business activities, reputation, and goodwill.

103. Accordingly, Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116, damages (including defendants profits, damages suffered by plaintiff, the costs of this action, and reasonable attorney s fees) under 15 U.S.C. § 1114 and § 1117(a), and destruction of all infringing articles under 15 U.S.C. § 1118. In consequence of the circumstances of this case, in which defendants have deliberately attempted to capitalize on plaintiffs' mark, plaintiffs are entitled to treble damages, pursuant to 15 U.S.C. § 1117(a).

103.1 Plaintiff's aver that the aforesaid acts of the defendants are likely to cause confusion and cause mistake, and to deceive, and violation of 15 U.S.C. § 1114 and therefore constitute infringement on plaintiffs' rights in the registered trademark INCREDIBLE EDIBLE DELITES, INC. WWW.FRUITFLOWERS.COM and design.

11

103.2 Defendants have acted willfully with the knowledge that their activities would cause confusion, cause mistake and to deceive, and are intended by circumstances of malice or wanton and reckless disregard for plaintiffs' rights, entitling plaintiffs to award of treble damages and attorney's fees.

103.3 By reason of defendants' acts, as alleged herein, plaintiffs have and will suffer damages an immediate and irreparable harm to plaintiff's business activities, reputation, and goodwill.

103.4 By reason of defendants' acts, as alleged herein, plaintiffs have and will suffer damages an immediate and irreparable harm to plaintiff's business activities, reputation, and goodwill.

## COUNT II
## Trademark Infringement
## Under Section 43(a) of the Lanham Act.

104. The allegations of paragraphs 1-103, inclusive, are repeated and incorporated herein by reference.

105. Defendants' acts constitute false designation of origin in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

106. Defendants' use of the word "fruitflowers" (or "Fruit Flowers") as a metatag and/or searchable portal keyword and/or as a registered Internet Keyword, as well as the use of, "Incredible", "Edible", "Delite", "Delights", "Fruit", "Flowers", "Fruitflowers", "Fruit Flowers", and "Edible Delight" as a metatag and/or searchable portal keyword, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, and/or association between Incredibly Edible, and the defendants.

107. Defendants' use of the word "fruitflowers" as a metatag and/or searchable portal keyword and/or as a registered Internet Keyword, as well as the use of, "Incredible", "Edible", "Delite", "Delights", "Fruit", "Flowers", "Fruitflowers", "Fruit Flowers", and "Edible Delight" as a metatag and/or searchable portal keyword, is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of defendants' goods and services by Incredibly Edible.

108. Defendants' registration and use of the domain name "fruitflower.com" is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, and/or association between Incredibly Edible and the defendants.

109. Defendants' registration and use of the domain name "fruitflower.com" is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of defendants goods and services by Incredibly Edible.

110. Defendants' activities have been willful and with knowledge that their activities are likely to confuse, or to cause mistake, or to deceive the public.

12

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Plaintiff's Motion to Amend the Complaint, Memorandum of Law in support of its motion to amend the Complaint, Exhibit A and Exhibit B was served on this 19th day of August, 2005, by sending the same by first class mail, postage prepaid to:

Joseph G. Fortner, Esq.
Thomas J. Finn, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Kevin P. Walsh, Esq.
Williams, Walsh & O'Connor
110 Washington Avenue, 2nd Floor
North Haven, CT 06473

Thomas C. Clark, Esquire
Litchfield Cavo
40 Tower Lane
Suite 200
Avon, CT 06001

_____