UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INCREDIBLY EDIBLE DELITES, INC. & <br> INCREDIBLE FRANCHISE CORPORATION, | : <br> : <br> : | |
| Plaintiffs | : <br> : | CIVIL ACTION NO. 3:02CV1529 |
| V. | : <br> : | |
| EDIBLE ARRANGEMENTS, LLC & <br> EDIBLE ARRANGEMENTS FRANCHISE <br> GROUP, INC., | : <br> : <br> : | SEPTEMBER 8, 2005 |
| Defendants | : <br> : | |

**PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM**

The plaintiffs, Incredibly Edible Delites, Inc. and Incredible Franchise Corporation (hereinafter "Incredibly Edible"), by and through undersigned counsel, respond to the defendants' Edible Arrangements, LLC and Edible Arrangements Franchise Group (hereinafter "Edible Arrangements") December 6, 2002 Counterclaim, as follows:

**Facts Common to All Counts**

1. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, leave the defendants to their proof thereof.

2. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, leave the defendants to their proof thereof.

3. Admitted.

1

4. Admitted.

5. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, leave the defendants to their proof thereof.

6. Denied as stated. Incredibly Edible Delites, Inc.'s business includes making and delivering floral fruit bouquets, and Incredible Franchise Corporation's business includes providing franchise service and selling franchises.

7. Admitted that in or about August 1999, Edible Arrangements, LLC brought a declaratory judgment action seeking a declaration that it was not a copyright infringer and was not a trade dress infringer.

8. Admitted in part and denied in part. It is admitted that a counterclaim was filed on March 22, 2000. The counterclaim is a writing which speaks for itself and, accordingly, the characterizations of the counterclaim are denied.

9. Plaintiffs admit only that a Settlement Agreement and Release pertaining to the Prior Action exists, and that the copy attached as Exhibit A to the Counterclaim appears to bear Susan Ellman's and Ellen Davis' signatures. The Settlement Agreement and Release is a legal document which speaks for itself.

10. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, leave the defendants to their proof thereof.

11. Denied.

12. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, leave the defendants to their proof thereof.

13. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, leave the defendants to their proof thereof.

14. The Settlement Agreement and Release is a legal document which speaks for itself. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore, leave the defendants to their proof thereof.

15. The Settlement Agreement and Release is a legal document which speaks for itself.

16. The Settlement Agreement and Release is a legal document which speaks for itself.

17. The Settlement Agreement and Release is a legal document which speaks for itself.

18. Denied.

19. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, leave the defendants to their proof thereof.

20. Plaintiffs admits only that Edible Arrangement's counsel sent Incredibly Edible Delites, Inc. a letter. Plaintiffs deny that it agreed to any "cease and desist" demand. Plaintiffs

are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore, leave the defendants to their proof thereof.

21. Denied.

22. Denied.

23. Plaintiffs admit that they filed suit against EA, and further state that the Complaint is a legal document which speaks for itself.

24. Plaintiffs admit that they filed suit against EA, and further state that the Complaint is a legal document which speaks for itself.

25. Plaintiffs admit that they filed suit against EA, and further state that the Complaint is a legal document which speaks for itself.

26. Plaintiffs admit that they filed suit against EA, and further state that the Complaint is a legal document which speaks for itself.

## FIRST COUNT

### Breach of Paragraph 5e of the Settlement Agreement

27. Plaintiffs reiterate and incorporate by reference as if fully set forth herein their responses to paragraphs 1-26 of the Facts Common To All Counts as their responses to paragraphs 1 through 26 of the First Count.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## SECOND COUNT
### Breach of Paragraph 7 of the Settlement Agreement

32. Plaintiffs reiterate and incorporate by reference as if fully set forth herein their responses to paragraphs 1-28.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## THIRD COUNT
### Breach of Covenant of Good Faith and Fair Dealing

37. Plaintiffs reiterate and incorporate by reference as if fully set forth herein their responses to paragraphs 1-36.

38. Denied.

39. Denied.

## FOURTH COUNT
### Trademark Infringement under Section 32 of the Lanham Act

40. Plaintiffs reiterate and incorporate by reference as if fully set forth herein their responses to paragraphs 1-26.

41. Denied as stated. The term "Edible Arrangements" is listed on the supplemental register.

42. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, leave the defendants to their proof thereof.

43. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, leave the defendants to their proof thereof.

44. Denied.

45. Denied.

46. Denied.

## FIFTH COUNT
## Abuse of Process

47. Plaintiffs reiterate and incorporate by reference as if fully set forth herein their responses to paragraphs 1-46.

48. Denied.

49. Denied.

50. Denied.

## SIXTH COUNT
## Violation of the Connecticut Unfair Trade Practices Act

51. Plaintiffs reiterate and incorporate by reference as if fully set forth herein their responses to paragraphs 1-50.

52. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, leave the defendants to their proof thereof. Furthermore, the allegations in paragraph 52 state conclusions of law to which no responsible pleading is required and are therefore denied.

53. Denied.

54. Denied.

55. Denied.

56. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, leave the defendants to their proof thereof.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The term "Edible Arrangements" is generic and not entitled to any trademark protection under state or federal law.

**Second Affirmative Defense**

The term "Edible Arrangements" is descriptive and Edible Arrangements has not established any secondary meaning for it. As such, Edible Arrangements is not entitled to state or federal trademark protection for the term.

**Third Affirmative Defense**

Edible Arrangements' claims of trademark infringement are precluded by the doctrine of fair use.

**Fourth Affirmative Defense**

If the Court finds that a cause of action lies for the First Count of the Counterclaim, then Incredibly Edibles' acts were not volitional because they were the result of the negligent

performance of services by Incredibly Edible Delites' contractor. Accordingly, plaintiffs cannot be liable for said contractor's acts.

### Fifth Affirmative Defense

The settlement agreement entered into between the parties was procured by fraudulent means and/or induced by mistake and is therefore not enforceable.

### Sixth Affirmative Defense

Edible Arrangements cannot seek redress from this or any Court because Edible Arrangements' conduct constitutes unclean hands and/or inequitable conduct.

### Seventh Affirmative Defense

Defendants' counterclaim for abuse of process is barred by the Noerr-Pennington doctrine.

        PLAINTIFFS/COUNTERCLAIM DEFENDANTS

By: /S/_____
     Thomas C. Clark, Esq. [ct06058]
     Melicent B. Thompson, Esq. [ct19868]
     LITCHFIELD CAVO, LLP
     40 Tower Lane, Suite 200
     Avon, CT  06001
     Telephone:  (860) 255-5577
     Attorneys for Counterclaim Defendants

     John F.A. Earley III, Esquire
     Charles L. Riddle, Esquire
     Harding, Earley, Follmer & Frailey
     86 The Commons at Valley Forge
     1288 Valley Forge Road
     P.O. Box 750
     Valley Forge, PA  19482-0750
     Telephone:  (610) 935-2300
     Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent on this 8th day of September, 2005 United States first class mail to the following:

Joseph G. Fortner, Jr., Esquire
HALLORAN & SAGE
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

John F.A. Earley III, Esquire
Frank J. Bonini, Jr., Esquire
Charles L. Riddle, Esquire
HARDING, EARLEY, FOLLMER & FRAILEY
86 The Commons at Valley Forge
1288 Valley Forge Road
P.O. Box 750
Valley Forge, PA  19482

Kevin P. Walsh, Esquire
WILLIAMS WALSH & O'CONNER
110 Washington Avenue, 2nd Floor
North Haven, CT 06473

/S/_____
Melicent B. Thompson