UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INCREDIBLY EDIBLE DELITES, INC., &<br>INCREDIBLE FRANCHISE CORPORATION,<br><br>      Plaintiffs/Counterclaim Defendants,<br><br>V.<br><br>EDIBLE ARRANGEMENTS, LLC, &<br>EDIBLE ARRANGEMENTS<br>FRANCHISE GROUP, INC.,<br><br>      Defendants/Counterclaim Plaintiffs. | CIV. ACTION NO.<br>3:02:CV:1529 (AVC)<br><br><br><br><br><br>SEPTEMBER 12, 2005 |

MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

The defendant, Edible Arrangements, LLC, hereby objects to Plaintiff's Motion to

Amend the Complaint dated August 19, 2005.  The plaintiff has moved to amend its

complaint well beyond the time provided in either the original scheduling order (dated

November 20, 2002) or in any one of its numerous extensions (the most recent, the

seventh such extension, having been granted on July 28, 2005).  The plaintiff has not

provided any reasonable explanation for its failure to amend its complaint at an earlier

date, nor has the plaintiff once sought to extend the deadline for amending pleadings

through any of the seven extensions to other deadlines set forth in the original

scheduling order.

As the plaintiff has failed to demonstrate good cause for the modification of the

Court's scheduling order, and, as allowing the plaintiff to amend its Complaint at this

1

late stage of the proceedings would cause substantial prejudice to the defendant,

Plaintiff's Motion to Amend the Complaint should be denied.

## I.    BACKGROUND

The plaintiff, Incredible Edible Delites, Inc., initiated this lawsuit against the

defendants, Edible Arrangements LLC and Edible Arrangements Franchise Group, Inc,

on June 21, 2002, claiming trademark infringement, trademark dilution, and violation of

the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).  In their answer,

the defendants asserted counterclaims claiming breach of an earlier settlement

agreement between the parties and trademark infringement.

On November 20, 2002, the Court issued a scheduling order setting forth

deadlines related to discovery, trial experts, dispositive motions, and, of particular

importance here, a March 13, 2003 deadline for the filing of motions to amend the

pleadings.  Since the issuance of the original scheduling order, the parties have moved

for extensions of various deadlines contained therein throughout the course of the

litigation, and the order itself has been modified on seven different occasions.  However,

while each of these seven modifications to the scheduling order extended certain

deadlines related to discovery or dispositive motions, the original deadline of March 13,

2003, for the filing of motions to amend the pleadings, has not changed.

The most recent modification occurred on July 28, 2005, where the Court

ordered that discovery be completed by November 23, 2005, dispositive motions due by

December 1, 2005, and set a trial ready date of January 15, 2006. (See Endorsement to

Modification of Scheduling Order, attached hereto as *Exhibit A*.)  Now, over three years

since initiating this action against the defendants, nearly two and a half years after the

deadline for amending pleadings passed, and less than five months before trial is set to begin, the plaintiff seeks to amend its complaint to plead actual ownership of United States Registration No. 2,854,562 – one of the markings in dispute in this litigation.

## II.    ARGUMENT

### A.    The Plaintiff Fails to Show Good Cause for Modifying the Scheduling Order

In its Memorandum of Law in Support of its Motion to Amend the Complaint, the plaintiff relies entirely upon the liberal standards for amendment set forth in Fed. R. Civ. P. 15(a), which provides that leave to amend should be liberally and freely granted in the absence of prejudice, undue delay, or bad faith. Foman v. Davis, 371 U.S. 171, 182 (1962). While correctly citing the liberal standard under Rule 15(a) for amending pleadings, the plaintiff fails to address the rule in this Circuit that a proposed amendment which violates the Court's scheduling order places the burden on the moving party to show good cause for modification of the scheduling order. See Parker v. Columbia Pictures Indus., 204 F.3d 326 (2d.Cir. 2000).

Fed. R. Civ. P. 16(b), which directs district court judges to enter scheduling orders setting time limits for various pretrial matters, provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge[.]" In Parker, the Second Circuit joined with other circuits which "have ruled that the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." Id. at 340. Interpreting the moving party's burden under Rule 16(b), the court stated that "a finding of 'good cause' depends on the diligence of the moving

party." Id.; see also Senich v. American-Republican, Inc., 215 F.R.D. 40, 42 (D. Conn. 2003).  In addition, the Local Rules provide that the scheduling order can only be modified upon a showing of "good cause." See D. Conn. Civ. P. R. 11(b)    "The good cause standard requires a particularized showing that the schedule cannot reasonably be met, despite the diligence of the party seeking the modification, for reasons that were not reasonably foreseeable when the parties submitted their proposed case management plan." Id.

Pursuant to this standard, the plaintiff bears the burden of showing that the deadline for amending pleadings was not reasonably met despite its diligence. See Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003) ("If a party was not diligent, the good cause inquiry should end.").  Here, the plaintiff makes no attempt to demonstrate diligence on its part in bringing the claim now sought to be added to the complaint to the Court's or the defendant's attention.  The plaintiff merely argues that the defendant cannot show prejudice since the validity of the plaintiff's marks are at the core of this action.  However, as the amendment would violate the scheduling order, it is the plaintiff, and not the defendant, who bears the burden of demonstrating good cause for the amendment and diligence on its part in seeking the amendment. Id.

Here, the plaintiff seeks to amend its complaint over two and one-half years after the deadline of March 13, 2003, expired for the filing of motions to amend the pleadings. The plaintiff seeks to amend its complaint to include a claim of actual ownership of United States Registration No. 2,854,562, a mark registered on June 15, 2004. See Trademark File Certificate, attached hereto as *Exhibit B.*)  The plaintiff does not explain

4

why it has taken over fourteen months from the registration date to seek leave to amend its complaint to include this claim of actual ownership. As the crucial factor in determining whether good cause exists to modify the scheduling order is the diligence of the moving party, the plaintiff, by seeking to amend its complaint less than five months before trial and at a point where discovery is nearly complete to include allegations that it has been aware of for over fourteen months, cannot be said to have been diligent. Accordingly, the plaintiff is unable to demonstrate good cause for the modification of the scheduling order, and the plaintiff's motion to amend its complaint should be denied.

## B.     Allowing the Plaintiff to Amend the Complaint Would Cause Undue Prejudice to the Defendant

Furthermore, even under the liberal amendment standard of Rule 15(a), the defendant is prejudiced by the plaintiff's undue delay in seeking to amend its complaint at this late stage of the litigation. Although the plaintiff is correct that the rule is to allow a party to amend its pleadings absent a showing by the nonmovant of prejudice or bad faith, this Circuit has recognized that "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

As described in detail in the previous section, the plaintiff seeks to amend its complaint over three years after the commencement of this action and less than five months prior to trial to include allegations that it has been aware of for over fourteen months. In Zahra v. Town of Southold, 48 F.3d 674, 685-86 (2d Cir. 1995), the Second Circuit upheld the district court's decision to deny leave to amend the complaint under

similar circumstances, reasoning that it was "entirely reasonable for the district court to deny a request to amend a complaint that was filed two and one-half years after the commencement of the action, and three months prior to trial. In our view, this constituted undue delay." Id.

As discussed earlier, the scheduling order in this case has been extended seven times, culminating in the most recent trial ready date of January 15, 2006. The parties have engaged in extensive discovery over the past three years in advance of trial. Allowing the plaintiff to amend its complaint at this late stage of the proceedings to add claims that easily could have been brought forward substantially earlier in the litigation would cause undue prejudice to the defendant.

## III.    CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Amend should be denied.

THE DEFENDANTS
EDIBLE ARRANGEMENTS
FRANCHISE GROUP, INC.

By:_____
Joseph G. Fortner, Jr.
Fed bar No. ct04602
Brian D. Rich
Fed. Bar No. ct24458
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
Attorneys for Edible
Edible Arrangement Franchise Group

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing was sent via regular mail on this 12th day of September, 2005, to:

| | |
|---|---|
| Frank J. Bonini, Jr., Esq. | Thomas C. Clark, Esq. |
| John F.A. Early, III, Esq. | Melicent B. Thompson, Esq. |
| Charles L. Riddle, Esq. | Litchfield Cavo |
| Harding Earley Follmer & Frailey | 40 Tower Lane |
| The Commons At Valley Forge East | Suite 200 |
| 1288 Valley Forge Road | Avon, CT  06001 |
| P.O. Box 750 | Attorney for Plaintiffs |
| Valley Forge, PA  19482-0750 | |
| Attorney for Plaintiffs | |

Kevin P. Walsh, Esq.
Williams, Walsh & O'Connor
110 Washington Avenue
2nd Floor
North Haven, CT  06473

_____
Brian D. Rich

727112_1.DOC

7