UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INCREDIBLY EDIBLE DELITES, INC., & <br> INCREDIBLE FRANCHISE CORPORATION, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> V. <br><br> EDIBLE ARRANGEMENTS, LLC, & <br> EDIBLE ARRANGEMENTS <br> FRANCHISE GROUP, INC., <br><br> Defendants/Counterclaim Plaintiffs. | CIV. ACTION NO. <br> 3:02:CV:1529 (AVC) <br><br><br><br><br> September 28, 2005 |

### PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO AMEND THE COMPLAINT

Plaintiffs submit this reply memorandum in further support of Plaintiffs' motion for leave to file a first amended complaint.[1]

Defendants' position ignores the compelling reasons set forth by Plaintiffs in their memorandum. Defendants, without more, merely assert a conclusory allegation that Plaintiffs' reasons are not good cause for leave to enter the amended complaint. Defendants cannot simply claim undue prejudice, and refer to the timing of the Plaintiffs' motion as their basis, especially here where the case was considered by all of the parties, and their counsel, to be settled. Thus, any time-gap delay owing to the parties' settlement discussions cannot be deemed prejudicial to Defendants who were willing participants in those negotiations.

---

[1] Plaintiffs seek leave of Court and in particular leave from the Court's scheduling order, which Order set a date for amending pleadings by March 13, 2003.

It is clear that the Defendants' reliance on the timing actually supports the amendments here. To wit, the case was reported settled, and settlement documents were generated and being negotiated owing to at least a one-year period spanning from April 2004 to April 2005, during which period the subject trademark registration issued.[2]

The amendment will simply add a U.S. trademark registration (Plaintiff's Reg. no. 2,854,562 registered on June 15, 2004, i.e., the "subject registration") to the count for infringement of Plaintiff's registered INCREDIBLY EDIBLE DELITES, INC. WWW.FRUITFLOWERS.COM trademark. The issues presented are the same as stated in the original Complaint.

## THE FOLLOWING CONSIDERATIONS UNDERCUT DEFENDANTS' CLAIM OF PREJUDICE DUE TO A LACK OF TIME:

1. Counsel for defendants, as early as at a November 6, 2002 deposition, had questioned Plaintiff IED's Vice-President regarding Plaintiff's U.S. trademark applications, which were pending in the United States Patent and Trademark Office. Exhibit A.

2. The subject application that since matured to the subject registration is referenced in Plaintiffs' expert report served to Defendants on August 13, 2003. Exhibit B.

3. Defendants even commenced two (2) opposition proceedings against certain of Plaintiff's pending applications before the United States Patent and Trademark Office (U.S.P.T.O.) by filing notices in the U.S.P.T.O. on January 30, 2003 and February

---

[2] On April 8, 2005 a settlement conference was held before the Hon. Magistrate Judge Thomas P. Smith.

2

13, 2003, again demonstrating Defendants' careful monitoring of Plaintiff's trademark applications.[3] Exhibits C and D.

4. The parties had, during the claimed time interval, reached settlement, and it appeared the case was over, so there was no perceived need to amend the complaint. Exhibit E.

5. Even though the subject application and subject registration file history documents are available at the United States Patent and Trademark Office, Defendants, by their very conduct, have sought to confirm the relevance of the subject registration in this civil action, nonetheless by including as the subject of document requests served to Plaintiffs on March 19, 2003 and August 3, 2005 (See Request no. 7 and Request no. 43, attached hereto as Exhibit F)[4]

6. Defendant's counsel, during the interrogation of Plaintiffs' 30(b)(6) witness, on September 22 and 23, 2005 made the subject registration the topic of inquiry. (30(b)(6) Dep. Ex. 22, p. IED500026, attached as Exhibit G hereto).

Defendants had ample time for discovery on the mark of the subject registration, and indeed pursued it.

## GRANTING LEAVE TO AMEND IS PROPER HERE UNDER THE RELEVANT STANDARDS

Under Fed. R. Civ. P.15(a) amendment is denied only in rare cases. Wells v. Harris, 185 F.R.D. 128 (D. Conn. 1999). The Second Circuit has applied the liberal rule of amendment when the amended claim "was obviously one of the objects of discovery

---

[3] The opposition deadline is 30 days from the publication of the application on the United States Patent and Trademark Office records, and must be monitored independently, as Defendants apparently were doing.
[4] Though it is Plaintiffs' position that what Defendants sought is publicly available and may be downloaded without restriction on the United States Patent and Trademark Office website, Plaintiffs supplied these documents to Defendants.

and related closely to the original claim." Id. at 130 (citing State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). Here, a comparison of the original and the amended complaint shows that the subject matter is the same except for the fact that the subject matter matured from an application into a U.S. trademark registration, thereby establishing the basis for a trademark infringement count of a registered trademark[5].

Similarly under Rule 15(d), an amendment under the circumstances, to add the subject registration, will promote as "complete an adjudication of the dispute between the parties as possible by allowing the addition of the claims which arise after the initial pleadings are filed." Id. at 133. Williams Inglis & Sons Baking Co., v. ITT Continental Baking Co., 668 F.2d 1014, 1057 (9th Cir. 1981), *cert. denied* 459 U.S. 725, 74 L. Ed. 2d 61, 103 S. Ct. 57, 103 S. Ct. 58 (1982). Especially here where the "change in circumstances" that occurred since the filing of the complaint is highly probative of the validity of Plaintiffs' FRUTIFLOWER trademark. 15 U.S.C. §1115(a) (registered marks presumed valid, i.e., distinctive and not generic). Should Plaintiffs be forced to pursue infringement of the subject registration in a separate civil action, rather than in this one? The logical answer appears to be "no". The circumstances here also fit squarely within the provisions of Rule 15(d), which allows a supplemental pleading "setting forth transactions or occurrences or events which have happened since the date of the pleadings sought to be supplemented." FED. R. CIV. P. 15(d). Here the subject registration did not issue until June 15, 2004.

In addition, when viewed under the provisions of Rule 16, leave should be granted because the facts and circumstances set forth in Plaintiffs' motion and

---

[5] A count for infringement of a registered mark was already the subject of Plaintiffs' original complaint, and is not new to this civil action.

4

memorandum sufficiently establish good cause to permit the Court to grant leave to amend. The particularized showing of good cause under the circumstances is evident from the facts in that it would be <u>impossible</u> to meet the Court's deadline of March 13, 2003 because the registration did not issue until June 15, 2004. The Southern District of New York has granted leave to amend to reflect the registration of a trademark which is registered after the filing of the original complaint. <u>IMAF v. J. C. Penney Co. Inc.</u>, No. 86 CV. 9080 (KMW), 1989 U.S. Dist. LEXIS 5262, at *20 (S.D.N.Y. May 12, 1989) (Exhibit 1).

## DEFENDANTS ARE PRECLUDED FROM CLAIMING PREJUDICE BECAUSE OF ACTUAL KNOWLEDGE

As shown by EA Counsel's questioning of Plaintiff's pending trademark application during the depositions of Susan Ellman in November of 2002 and Ellen Davis in September of 2005, (Exhibits A and G), and Defendants' reference to the mark in their document requests (Exhibit F) as well as Plaintiffs' 2003 trademark expert witness report served in 2003, (Exhibit B), and Defendants' filing of notices of opposition against IED's pending trademark applications, revealing defendants' close monitoring of Plaintiff's pending applications, (Exhibits C and D),[6] Under no circumstances can the defendants genuinely claim that they are prejudiced by this amendment.

## CONCLUSION

Given the circumstances in relation to the suspension of the case, the matured application to a trademark registration during that time, as well as the evidence of Defendants' acute awareness of the development of the case, existing authorities supporting the amendment, and the need to amend for that matter, IED respectfully

---

[6] IMAF v. J.C. Penny, 1989 U.S. Dist Lexis 5262, at *20.

requests the Court grant IED's request for leave to amend and enter the amended complaint.

Dated: 9/28/05

RESPECTFULLY SUBMITTED,

THE PLAINTIFFS
INCREDIBLY EDIBLE DELITES,
INC. AND INCREDIBLE
FRANCHISE CORPORATION

By: _____
John F. A. Earley III (CT24120)
Frank J. Bonini, Jr. (CT24119)
Charles L. Riddle (CT24133)
P.O. Box 750
Valley Forge, Pennsylvania 19482-0750
Tel. (610) 935-2300
Attorneys for Plaintiffs Incredibly
Edible Delites, Inc.,
and Incredible Franchise Corporation


Thomas C. Clark, Esquire
Melicent B. Thompson, Esquire
Litchfield Cavo, LLP
40 Tower Lane, Suite 200
Avon, CT 06001
Attorneys for Counterclaim Defendants

6

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing Plaintiffs' Reply Memorandum of Law in Further Support of its Motion to Amend the Complaint, was served on this 28th day of September, 2005, by sending the same by first class mail, postage prepaid to:

Joseph G. Fortner, Esq.
Brian D. Rich, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Kevin P. Walsh, Esq.
Williams, Walsh & O'Connor
110 Washington Avenue, 2nd Floor
North Haven, CT 06473

Thomas C. Clark, Esquire
Litchfield Cavo
40 Tower Lane
Suite 200
Avon, CT 06001