**EXHIBIT B**

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT COURT OF CONNECTICUT

|  |  |
|---|---|
| INCREDIBLY EDIBLE DELITES, INC.<br>And<br>INCREDIBLE FRANCHISE CORPORATION<br><br>Plaintiffs,<br><br>v.<br><br>EDIBLE ARRANGEMENTS, LLC.<br>And<br>EDIBLE ARRANGEMENTS<br>  FRANCHISE GROUP, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action: 3:02 CV1529 (AVC) |

## EXPERT WITNESS REPORT OF GARY D. KRUGMAN

Pursuant to Rule 26(a)(2)(B), Federal Rules of Civil Procedure, Plaintiffs Incredibly Edible Delites, Inc. and Incredible Franchise Corporation submit this Expert Witness Report of Gary D. Krugman.

## QUALIFICATIONS

I received a Bachelor of Sciences Degrees (B.S.) from the State University of New York at Albany, Albany, New York in June, 1969 and a Law Degree (J.D.) from Case Western Reserve University School of Law in Cleveland, Ohio in June, 1973.

After passing the Bar Examination in the District of Columbia in 1973, I was admitted to the District of Columbia Court of Appeals on December 7, 1973.

From 1974 through 1978, I was an Examining Attorney in the Trademark Examining Operation of the U.S. Patent and Trademark Office (PTO).

In 1978, I was appointed to the position of Attorney Examiner at the Trademark Trial and Appeal Board (TTAB or Board).

In 1982, I was appointed to be a member of the TTAB and I served in that capacity until August 1989.

The TTAB is the Administrative Trademark Court of the Patent and Trademark Office and members of the Board or, as they are called, Administrative Trademark Judges, serve as the final agency decision makers in trademark registrability questions in the context of appeals taken by an applicant from the Trademark Examining Attorney's refusal of registration. The TTAB also serves as the final agency decision maker in inter partes trademark registrability proceedings including oppositions to prevent registration of a trademark and cancellations to cancel existing trademark registrations.

In my position as an Administrative Trademark Judge, I authored final agency decisions on registrability issues and participated on three-Judge panels with respect to final decisions authored by other Judges.

In August 1989, I left government service and joined the firm of Sughrue Mion, PLLC in Washington, D.C.  I am currently a partner in that firm, specializing in trademark law, unfair competition and litigation before state and federal courts and the PTO.

In addition to being admitted to practice before the D.C. Court of Appeals, I am admitted before the U.S. District Court for the District of Columbia, the U.S. Court of Appeals for the District of Columbia Circuit, the U.S. Court of Appeals for the Federal Circuit and the U.S. Supreme Court.

2

I have lectured frequently on subjects relating to trademark law, trademark protection and practice before the TTAB at meetings, seminars and conferences sponsored by the District of Columbia Bar, the International Trademark Association, the American Intellectual Property Law Association and various other state and city bar associations. I have also lectured in Beijing, China and Tokyo, Japan on trademark law matters as an invited lecturer of associations of trademark practitioners in those countries.

I have authored several articles on various aspects of trademark law and protection which have been published in the Trademark Reporter, The American Intellectual Property Law Association Selected Legal Papers, IP Litigator, and the D.C. Bar Intellectual Property Law Section Newsletter. I am the author of a book entitled "Trademark Trial and Appeal Board Practice and Procedure" which was first published in April 1997.

I am formerly Co-Chair of the Steering committee of the Intellectual Property Law Section of the D.C. Bar. I am a former Chair of the Trademark Committee of the Intellectual Property Law Section of the Bar Association of the District of Columbia and a former Chair of the ABA Sub-Committee on TTAB Affairs. I am also currently on the editorial board of the Trademark Reporter. A current resume setting forth my education, experience and publications is attached hereto as Exhibit No. 1. In addition, attached hereto as Exhibit 2 is a listing of cases in connection with which I have testified as an expert at trial or by deposition within the preceding four years.

With respect to my compensation in connection with time expended in reviewing this matter and providing my testimony or other opinions, I am being compensated at my usual rate of $425.00 per hour.

3

## BASES FOR TESTIMONY

In preparing for my testimony, I have familiarized myself with the issues in this case by reviewing the Complaint, Defendants' Answer and Counterclaim, Plaintiffs' Memorandum in Support of its Motion for Preliminary Injunction, Defendants' Motion to Dismiss, Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction and In Support of Defendants' Motion to Dismiss, Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction and in Opposition to Defendants' Motion to Dismiss, Defendants' Reply Memorandum in Support of Defendants' Motion to Dismiss, Plaintiffs' Motion to Dismiss Defendants' Counterclaim and Motion to Strike Defendants Affirmative Defenses and Plaintiffs' Memorandum in Support thereof, Defendants' Memorandum in Opposition to Plaintiffs' Motion to Dismiss Defendants' Counterclaim and Motion to Strike Defendants' Affirmative Defenses, Plaintiffs' Reply Memorandum in Support of Its Motion to Dismiss Defendants' Counterclaim and Motion to Strike Defendants' Affirmative Defenses (corrected copy), copies of the file histories of U.S. Trademark Application Serial Numbers 76/419,405 (FRUITFLOWERS.COM), 76/419,412 (FRUITFLOWERS) and 76/419,409 (INCREDIBLY EDIBLE DELITES, INC. WWW.FRUITFLOWERS.COM and Design) and the file history of U.S. Trademark Registration No. 2,356,362 (EDIBLE ARRANGEMENTS).

I have reviewed all of the foregoing materials in light of the Trademark Act of 1946 (Lanham Act), applicable decisions of the courts and the Trademark Trial and Appeal Board, the Trademark Manual of Examining Procedure and recognized treatises on trademark law.

## EXPECTED TESTIMONY

I.     Patent and Trademark Office Procedure In the Examination of Plaintiffs'
Trademark Applications

1.     It is my understanding that Defendants claim that Plaintiffs' marks are generic
and not entitled to any protection under state or federal law and/or that Plaintiffs' marks are
descriptive and Plaintiffs' have not established any secondary meaning.

2.     When an application for registration is filed in the U.S. Patent and Trademark
Office, it is examined by an Examining Attorney. All Examining Attorneys are attorneys who
specialize in trademark law and procedure and in the examination of trademark applications. All
Examining Attorneys are trained to consider all statutory grounds for refusal of registration in
connection with each application examined.

3.     When an application for registration is examined by an Examining Attorney, the
Examining Attorney will consider all possible statutory bases for refusal of registration and will
also examine the application to ensure that it complies with all formal requirements. If the
Examining Attorney believes that the mark sought to be registered is not entitled to registration
and/or believes that there are other deficiencies with the application, a written Office Action is
issued in which any refusals of registration are set forth and in which any other deficiencies in
the application are noted.

4.     An Office Action allows the Applicant six months from the mailing date of the
Office Action in which to file a response. This allows the Applicant an opportunity to overcome
any rejections by way of presenting arguments and/or evidence. It also allows the Applicant an
opportunity to correct any deficiencies or informalities in the application or to persuade the
Examining Attorney to withdraw such requirements.

5.      If, following examination of an application, the Examining Attorney finds that the mark, while registrable, is deficient in a minor way and the deficiency can be easily cured, the Examining Attorney, in lieu of issuing a written Office Action, may telephone the Applicant or the Applicant's attorney (if Applicant is represented by counsel). The telephone interview initiated by the Examining Attorney will advise Applicant of the deficiency and request the Applicant's consent to an amendment to correct the deficiency. If the Applicant agrees to the amendment, the Examining Attorney will issue a written Examiner's Amendment which will summarize the telephone interview and will set forth any amendment agreed to by the Applicant and the Examining Attorney.

A.      Plaintiffs' Application Serial Nos. 76/419,405 (FRUITFLOWERS.COM) and 76/419,412 (FRUITFLOWERS)

6.      Plaintiff, Incrediby Edible Delites, Inc. filed applications to register FRUITFLOWERS.COM and FRUITFLOWERS for "fruits (fresh), fruits, fruit arrangements, edible floral fruit and/or vegetable arrangements, sculptured fruit baskets and vegetable baskets." Following examination of the applications, the Examining Attorney telephoned Applicant's attorney on September 25, 2003 and the Examining Attorney and Applicant agreed to amend the descriptions of goods in the applications to read: "floral fruit and vegetable arrangements consisting of cut or sliced fruits and vegetables." The Examining Attorney thereafter issued Examiner's Amendments on September 26, 2002 amending the identification of goods in accordance with the authorization granted by Applicant's attorney. The Examiner's Amendments also indicated that the Examining Attorney had searched the records of the United States Patent and Trademark Office and found no similar registered or pending mark which would bar registration of the FRUITFLOWERS.COM or FRUITFLOWERS marks.

6

7.     The fact that Examiner's Amendments issued in theses cases whereby the descriptions of goods were amended means that the Examining Attorney made a determination that, but for the minor issue relating to the description of goods, the marks were otherwise found to be registrable by the Examining Attorney.  This means that the Examining Attorney considered all possible statutory grounds for refusal of registration, including descriptiveness and genericness, and concluded that the marks were not subject to any of those refusals.

      B.     Plaintiff's Application Serial No. 76/419,409
            INCREDIBLY EDIBLE DELITES, INC.,
            WWW.FRUITFLOWERS.COM and Design

8.     Plaintiff, Incredibly Edible Delites, Inc. filed an application to register the mark INCREDIBLY EDIBLE DELITES, INC., WWW.FRUITFLOWERS.COM and Design for fruits, (fresh), fruits, fruit arrangements, edible floral fruit and/or vegetable arrangements, sculptured fruit baskets and vegetable baskets.  Following examination of the application, the Examining Attorney telephoned Applicant's attorney on September 25, 2002 and the Examining Attorney and Applicant agreed to amend the description of goods in the application to read: "floral fruit and vegetable arrangements, consisting of cut or sliced fruits and vegetables."  The Examining Attorney and Applicant also agreed that Applicant would claim ownership of Applicant's prior Registration No. 1,755,554 for the mark INCREDIBLY EDIBLE DELITES, INC., EDIBLE FLORAL CREATIONS and Design.  The Examining Attorney and Applicant also agreed that Applicant would disclaim the term EDIBLE DELITES, INC. apart from the mark as a whole.  The Examining Attorney, thereafter, issued a combined Examiner's Amendment and Office Action on September 26, 2003.  The combined Examiner's Amendment and Office Action amended the identification of goods in accordance with the authorization granted by Applicant's attorney, entered the claim of ownership of Applicant's prior registration

7

and entered the disclaimer of EDIBLE DELITES, INC. In addition, the Examiner's Amendment/
Office Action stated that the drawing of the mark submitted with the application was objected to
as not in conformity with the rules and the Examining Attorney required a substitute drawing.
The Examiner's Amendment/Office Action also indicated that the Examining Attorney had
searched the records of the Patent and Trademark Office and found no similar registered or
pending mark which would bar registration of Applicant's mark.

9.      Where a mark otherwise found to be registrable includes an unregistrable
component, an Examining Attorney will require that the unregistrable component be disclaimed
apart from the mark as shown.  Such a disclaimer is simply a statement inserted in the
application to the effect that no claim is made to the disclaimed term apart from the mark as a
whole.  It is an express acknowledgment by the Applicant that the disclaimed term is not, in and
of itself, registrable.  Such disclaimers are typically required where the Examining Attorney
finds a portion of a mark to be descriptive of the goods.  In this case, the Examining Attorney
apparently found EDIBLE DELITES, INC. to be descriptive of the goods and required this term
to be disclaimed.

10.     As was the case with Plaintiff's FRUITFLOWERS.COM and FRUITFLOWERS
applications, the fact that an Examiner's Amendment/Office Action issued in connection with
Serial No. 76/419,409 means that the Examining Attorney made a determination that the mark
was registrable, provided Applicant complied with the requirements set forth in the Office
Action.  This means the Examining Attorney considered all possible statutory grounds for refusal
of registration, including descriptiveness and genericness, and concluded that the marks were not
subject to any of these refusals.  This conclusion is buttressed by the fact that the Examining
Attorney required a disclaimer of a portion of Applicant's mark, indicating the Examining

8

Attorney had specifically considered the descriptiveness and genericness issues and determined that a portion of the composite mark was descriptive but the mark as a whole was registrable and protectable.

II.     The Protectability and Registrability of the term FRUITFLOWERS as Used In Connection With Floral Fruit and Vegetable Arrangements Consisting of Cut or Sliced Fruits and Vegetables.

11.     As noted above, the United States Patent and Trademark Office has already determined that the term FRUITFLOWERS is neither generic or descriptive of floral fruit and vegetable arrangements consisting of cut or sliced fruits and vegetables. This determination is evidenced by the allowance by the United States Patent and Trademark Office of Plaintiffs' applications for the marks FRUITFLOWERS, FRUITFLOWERS.COM and INCREDIBLY EDIBLE DELITES, INC., WWW.FRUITFLOWERS.COM and Design for these goods and the absence of any refusal of registration of these marks on descriptiveness or genericness grounds.

12.     In my opinion, based on my many years of experience in the trademark field as a former Examining Attorney, a former Administrative Trademark Judge and a trademark law practitioner in private practice, the United States Patent and Trademark Office's determination that Plaintiffs' marks were neither descriptive nor generic was a correct and proper determination. In my opinion, the term FRUITFLOWERS might be descriptive of, for example, a cherry blossom or the bud of an apple or a pear. However, while Plaintiffs' goods comprise edible floral arrangements made of fruit or vegetables, Plaintiffs' goods do not, in any way, comprise or include flowers. For that reason, the term FRUITFLOWERS is, in my opinion, nothing more than a suggestive term, and does not immediately or directly describe any feature, characteristic or attribute of the goods recited in Plaintiff's applications. As a suggestive term,

9

FRUITFLOWERS is protectable and registrable as a trademark, and the United States Patent and

Trademark Office has acted accordingly in approving Plaintiff's marks for publication.

III.   The Protectability and Registrability of The Term "EDIBLE
       ARRANGMENTS" And Patent and Trademark Office Procedure In The
       Examination of Defendants' Trademark Application Serial No.
       75/599,420

13.   An application was filed by Farid, Inc. to register EDIBLE ARRANGMENTS

as a trademark for fresh fruits cut into flower shapes and arranged in containers as floral designs.

That application was assigned Serial No. 75/599,420.

14.   On April 22, 1999, an Office Action issued from the Examining Attorney refusing

registration on the ground that the mark was merely descriptive of the goods. The Examining

Attorney stated, in the Office Action, that:

> "The goods of the Applicant are fresh fruit arranged as floral
> designs. Because they consist of fresh fruit, the goods are edible,
> and because the fruit is arranged as floral designs, the goods are
> arrangements...The mark immediately informs the reader about
> important features of the goods..."

15.   Applicant responded to the Office Action and stated that, with respect to the

descriptiveness refusal:

> "At the present time, I agree with your finding and would like to
> request that our registration be changed to the Supplemental
> Register..."

Applicant then proceeded to amend the application to the Supplemental Register and, on June 6,

2000, the mark issued into Supplemental Register Registration No. 2,356,362. It is my

understanding that the mark was registered by Farid, Inc. assertedly for the exclusive use of

Defendants (Defendants' Counterclaim paragraph 41).

10

16.     The main register for trademarks is the Principal Register. A mark registered on the Principal Register is entitled to certain presumptions as to the validity of the mark, the registrant's exclusive right to use the mark, the registrant's ownership of the mark, etc. See: 15 U.S.C. Section 1115.

17.     Certain marks, found by the United States Patent and Trademark Office to be ineligible for registration on the Principal Register, are only eligible for registration on the secondary or Supplemental Register. Typically, marks which are not eligible for registration on the Principal Register but only on the Supplemental Register are marks which are merely descriptive of the goods and which have not acquired distinctiveness or secondary meaning.[1]

18.     Where a mark is registered on the Supplemental Register, such a Supplemental Register registration is evidence that a term is not distinctive and does not function as a trademark although it is capable of distinguishing the Registrant's goods at some future time. See: 15 U.S.C. Section 1091. None of the presumptions afforded a Principal Register registration in terms of ownership, validity, exclusive right to use, etc. are afforded a Supplemental Register registration.

19.     In the present case, the fact that the term EDIBLE ARRANGEMENTS issued into a Supplemental Register registration is evidence of the fact that the term, as of the time the Supplemental Register registration issued, did not function as a trademark, was merely descriptive of the goods identified in the registration and was not distinctive or otherwise protectable as a trademark. Any trademark rights in the term EDIBLE ARRANGEMENTS on the part of Defendants cannot be on the basis of the existence of the Supplemental Register

---

[1] Merely descriptive marks which have acquired distinctiveness or secondary meaning are registrable on the Principal Reigster and entitled to all the presumptions of a Principal Register registration.

registration. Such trademark rights can only derive from a showing that Defendants' have common law rights in the term by the acquisition of distinctiveness or secondary meaning in the term and a showing that such acquired distinctiveness or secondary meaning occurred prior to any adoption and use of the term as a trademark by Plaintiffs. In the absence of such a showing of acquired distinctiveness or secondary meaning in the term, Defendants' have no rights in the term and there can be no trademark infringement by Plaintiffs.

20.     In my opinion, based on my many years of experience in the trademark field as a former Examining Attorney, a former Administrative Trademark Judge and a trademark law practitioner in private practice, the United States Patent and Trademark Office's determination that the term EDIBLE ARRANGEMENTS was merely descriptive of the goods identified in the application and was unregistrable on the Principal Register was a correct and proper determination. Such term immediately and directly describes a significant feature or characteristic of the goods, namely, that they are in the nature of arrangements which are edible. As such, the term is nothing more than a descriptive designation and was and is unprotectable in the absence of a showing of acquired distinctiveness or secondary meaning.

21.     For the foregoing reasons, Defendant's assertion of trademark infringement cannot logically be based on the ownership of a Supplemental Register registration which Supplemental Register registration is evidence of the absence of any distinctiveness or of any protectable trademark rights in the term

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date:  August 13, 2003

Gary D. Krugman

12

1

*Gary D. Krugman*

# EDUCATION

Legal:    Case Western Reserve University School of Law
          Cleveland, Ohio
          J.D. June, 1973

College:  State University of New York at Albany
          Albany, New York
          B.S. June, 1969

# EXPERIENCE

1989-present:  Partner (since 1993), SUGHRUE MION, PLLC, specializing in trademark prosecution, litigation and related unfair competition matters

1982-1989:    U.S. Patent and Trademark Office, Administrative Trademark Judge, Trademark Trial and Appeal Board. Exercised original jurisdiction in adjudicating inter-partes trademark proceedings in the U.S.P.T.O., served in the capacity of administrative law judge in conducting proceedings and rendering decisions which serve as the final agency adjudication, and exercised appellate jurisdiction in adjudicating ex parte appeals from refusals of the Trademark Examiner to register trademarks.

1978-1982:    U.S. Patent and Trademark Office, Attorney Examiner, Trademark Trial and Appeal Board; responsible for decisions on all interlocutory non-final motions in inter partes proceedings before the Board and responsible for drafting decisions for Board members on potentially dispositive motions.

1974-1978:    U.S. Patent and Trademark Office, Trademark Attorney-Trademark Examining Operation, examined trademark and service mark applications.

*Gary D. Krugman*
*Page 2*

## MEMBERSHIPS AND AFFILIATIONS

> D. C. Court of Appeals
> U.S. District Court for the District of Columbia
> U.S. Court of Appeals--D.C. Circuit
> U.S. Court of Appeals—Federal Circuit
> U.S. Supreme Court
> Former Adjunct Professor - Catholic University School of Law
> Former Chairman - Public Advisory Committee - U.S. Patent and
> Trademark Office - Trademark Operations
> Former Chairman - Steering Committee - IP Law Section of the D.C. bar
> Former Chairman - ABA Subcommittee on Practice
> Before the TTAB
> Member - Editorial Board <u>The Trademark Reporter</u>

## SEMINARS AND LECTURES

Have given numerous lectures and participated in seminars from 1978 to the present on various topics relating to trademark law and practice before the Trademark Trial and Appeal Board. These lectures and seminars have been Sponsored by:

> D.C. Bar
> AIPLA
> International Trademark Association
> State Bar of California
> Toledo Patent Law Association
> Bureau of National Affairs
> Nassau County Bar Association
> New York Patent Law Association
> China Council for the Promotion of International Trade
> Houston Intellectual Property Law Association

## PUBLICATIONS

### *Articles*

1.  "The Amended Trademark Rules of Practice and Their Effect on Ex Parte Appeals" Vol. 74, The Trademark Reporter (July-Aug. 1984).

251601

*Gary D. Krugman*
*Page 3*

2.    "Motions for Judgment After Commencement of Testimony Periods" Vol. 73, The Trademark Reporter (Jan.-Feb. 1980).

3.    "Testimony Depositions" Vol. 70, The Trademark Reporter (July-Aug. 1980).

4.    "Interlocutory Do's and Don'ts Vol. 69, The Trademark Reporter (May-June 1979).

5.    "How To Use Discovery in Inter Partes Cases" Vol. XI, Number 102
AIPLA Selected Legal Papers (June 1994)

6.    "How To Effectively Prosecute Trademark Applications at the U.S. Patent and Trademark Office" Vol. XII, Number 1 & 2
AIPLA Selected Legal Papers (April 1995)

7.    "Likelihood of Dilution" (co-authored with Leigh Ann Lindquist). Vol. VIII, Number 6, The I.P. Litigator (June/July, 2002).

**<u>Books</u>**

"Trademark Trial and Appeal Board Practice and Procedure" - published by West Group (1997, 1999, 2001, 2002, 2003).

251601

EXHIBIT
2

# GARY D. KRUGMAN
## EXPERT WITNESS EXPERIENCE

1.    **Gary Shank d/b/a Dick's Sporting Goods v.
Dick's Clothing and Sporting Goods, Inc.**

      Civil Action No. L-90-320
      U.S. District Court for the District of Maryland

Mark Involved:    DICK'S CLOTHING AND SPORTING GOODS

2.    **Frehling Enterprises, Inc. d/b/a Oggetti v.
International Select Group, Inc., d/b/a
Bell'Oggetti International**

      Civil Action No. 96-1486
      U.S. District Court for the District of Florida

Mark Involved:    BELL'OGGETTI

3.    **Ameritech Corporation, _et al._ v. Lucent Technologies Corporation**

Arbitration Proceeding

Mark Involved:    BELL LABS INNOVATIONS

4.    **Sun Life Assurance Company of Canada, _et al._ v.
SunAmerica Inc., _et al._**

      Civil Action No. 1:95: CV-1808 JTC
      U.S. District Court for the Northern District of Georgia

Mark Involved:    SUNAMERICA

5.    **Decision Support Systems, Inc. v. Hughes Communications, Inc.
and DirecTV**

      Civil Action No. 97-1466-A
      U.S. District Court for the Eastern District of Virginia

Mark Involved:    DSS

6. **Century Martial Arts Supply, Inc. v. Otomix, Inc.**

   Civil Action No. CIV-97-1515 R
   U.S. District Court for the Western District of Oklahoma

Mark Involved:   Athletic Shoe Configuration

7. **America OnLine, Inc. v. AT&T Corp.**

   Civil Action No. 98-1821-A
   U.S. District Court for the Eastern District of Virginia

Mark Involved:   BUDDY LIST
                 YOU HAVE MAIL

8. **McDonald's Corporation v. Burger King Corp.**

   Civil Action No. 99-73301
   U.S. District Court for the Eastern District of Michigan

Mark Involved:   BIG KID'S MEAL

9. **First Jewellery Co. of Canada *et al.* v. Internet Shopping Network LLC**

   Civil Action No. 99 Civ. 11239 (LMM)
   U.S. District Court for the Southern District of New York

Mark Involved:   FIRST JEWELLERY

10. **Luther's Bar-B-Q, Inc. v. AFC Enterprises, Inc.**

    Civil Action No. H-99-1872
    U.S. District Court for the Southern District of Texas

Mark Involved:   POPEYES LOUISIANA LEGENDS

216643

2

11.    **Minnesota Mining & Manufacturing Company v. Shurtape Technologies, Inc. and Manco, Inc.**

Civil Action No. 98-2134 MJD/AJB
U.S. District Court for the District of Minnesota

Mark Involved:    The Color Blue Applied to Premium Masking Tape

12.    **AT&T Corporation _et al._ v. The Cellular One Group**

Civil Action No. 3-99 CV1723-M
U.S. District Court for the Northern District of Texas

Mark Involved:    DIGITALONE

13.    **Omega Engineering, Inc. v. Omega S.A.**

Civil Action No. 398 CV 2464 (AVE)
U.S. District Court for the District of Connecticut

Mark Involved:    OMEGA

14.    **U.S. Search, L.L.C. v. U.S. Search.com, Inc.**

Civil Action No. 00-554-A
U.S. District Court for the Eastern District of Virginia

Mark Involved:    U.S. SEARCH

15.    **Harvard Pilgrim Health Care, Inc. v. President & Fellows of Harvard College**

Civil Action No. 00CV-104 91-RCL
U.S. District Court for the District of Massachusetts

Mark Involved:    HARVARD

216643

3

16. **March Madness Athletic Association, LLC v. Netfire, Inc. and Sports Marketing International, Inc.**

    Civil Action No. 3:00-CV-0398-R

    U.S. District Court for the Northern District of Texas

Mark Involved:    MARCH MADNESS

17. **Sears, Roebuck and Co. v. Menard, Inc.**

    Civil Action No. 01-C-9843

    U.S. District Court for the Northern District of Illinois

Mark Involved:    WHERE ELSE?

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing EXPERT WITNESS

REPORT OF GARY D. KRUGMAN was sent on this 13th day of August, 2003, by facsimile

and United States first-class mail to the following:

Kevin P. Walsh, Esquire
WILLIAMS, WALSH & O'CONNOR
110 Washington Avenue, 2nd floor
North Haven, CT 06473
Attorneys for Defendant
Edible Arrangements, LLC

Joseph G. Fortner, Jr., Esquire
Patrick M. Birney, Esquire
Thomas J. Finn, Esquire
Andrew Moore, Esquire
HALLORAN & SAGE
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Attorneys for Defendant
Edible Arrangement Franchise Group

Charles L. Riddle

LAW OFFICES

# HARDING, EARLEY, FOLLMER & FRAILEY

86 THE COMMONS AT VALLEY FORGE EAST

1288 VALLEY FORGE ROAD

POST OFFICE BOX 750

VALLEY FORGE, PENNSYLVANIA 19482-0750

JOHN F. A. EARLEY, P.C.
JOHN F. A. EARLEY III
FRANK J. BONINI, JR.
CHARLES L. RIDDLE

U.S. AND INTERNATIONAL
INTELLECTUAL PROPERTY

| TELEPHONE | E-MAIL | FAX |
|---|---|---|
| (610) 935-2300 | heff@hardingearley.com | (610) 935-0600 |

## FACSIMILE TRANSMISSION

**Date:** August 13, 2003

**To:** Kevin P. Walsh Esq.
203-234-6330

**From:** Charles L. Riddle, Esquire

**RE:** Our File: IED/E-2269
Incredibly Edible Delites, Inc., et al. v.
Edible Arrangements, LLC et al.

**Total Pages (w/cover):** 21

## Message

NOTICE

This message is intended solely for the use of the addressee. It may contain information that is confidential, privileged or otherwise protected from disclosure by applicable law. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone (collect, if desired) to arrange for its return. Thank you.

If transmission if interrupted or of poor quality, please notify us immediately by calling (610) 935-2300.

PATENT · TRADEMARK · COPYRIGHT · UNFAIR COMPETITION · INTERNET · E-COMMERCE · COMPUTER · LICENSING

LAW OFFICES

# HARDING, EARLEY, FOLLMER & FRAILEY

86 THE COMMONS AT VALLEY FORGE EAST

1288 VALLEY FORGE ROAD

POST OFFICE BOX 750

VALLEY FORGE, PENNSYLVANIA 19482-0750

JOHN F. A. EARLEY, P.C.
JOHN F. A. EARLEY III
FRANK J. BONINI, JR.
CHARLES L. RIDDLE

U.S. AND INTERNATIONAL
INTELLECTUAL PROPERTY

| TELEPHONE | E-MAIL | FAX |
|---|---|---|
| (610) 935-2300 | heff@hardingearley.com | (610) 935-0600 |

---

## FACSIMILE TRANSMISSION

**Date:**        August 13, 2003

**To:**          Thomas J. Finn, Esquire
                 860/548-0006

**From:**        Charles L. Riddle, Esquire

**RE:**          Our File: IED/E-2269
                 Incredibly Edible Delites, Inc., et al. v.
                 Edible Arrangements, LLC et al.
                 HNS File No. 13268.0002

**Total Pages (w/cover):**   21

### Message

NOTICE

This message is intended solely for the use of the addressee. It may contain information that is confidential, privileged or otherwise protected from disclosure by applicable law. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone (collect, if desired) to arrange for its return. Thank you.

If transmission if interrupted if or poor quality, please notify us immediately by calling (610) 935-2300.

PATENT · TRADEMARK · COPYRIGHT · UNFAIR COMPETITION · INTERNET · E-COMMERCE · COMPUTER · LICENSING

* * * Transmission Result Report(MemoryTX) ( Aug.13. 2003 5:33PM ) * * *

1) Harding.Early.Follmer.Frailey
2) 610-935 0600

Date/Time: Aug.13. 2003 5:27PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 6508 | Memory TX | 18605480006 | P. 21 | OK | |

---

Reason for error
E.1) Hang up or line fail          E.2) Busy
E.3) No answer                     E.4) No facsimile connection

LAW OFFICES

## HARDING, EARLEY, FOLLMER & FRAILEY

86 THE COMMONS AT VALLEY FORGE EAST
1288 VALLEY FORGE ROAD
POST OFFICE BOX 750
VALLEY FORGE, PENNSYLVANIA 19482-0750

JOHN E.A. EARLEY, P.C.
JOHN E.A. EARLEY III
FRANK J. BONINI, JR.
CHARLES L. RIDDLE

U.S. AND INTERNATIONAL
INTELLECTUAL PROPERTY

TELEPHONE          E-MAIL                    FAX
(610) 935-2300   heff@hardingearley.com   (610) 935-0600

### FACSIMILE TRANSMISSION

Date:        August 13, 2003

To:          Thomas J. Finn, Esquire
             860/548-0006

From:        Charles L. Riddle, Esquire

RE:          Our File: IED/E-2269
             Incredibly Edible Delites, Inc., et al. v.
             Edible Arrangements, LLC et al.
             HNS File No. 13268.0002

Total Pages (w/cover):   21

### Message

NOTICE

This message is intended solely for the use of the addressee. It may contain information that is confidential, privileged or otherwise protected from disclosure by applicable law. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone (collect, if desired) to arrange for its return. Thank you.

If transmission is interrupted or of poor quality, please notify us immediately by calling (610) 935-2300.

PATENT · TRADEMARK · COPYRIGHT · UNFAIR COMPETITION · INTERNET · E-COMMERCE · COMPUTER · LICENSING

* * * Transmission Result Report(MemoryTX) ( Aug.13. 2003  6:04PM ) * * *

1) Harding.Early.Follmer.Frailey
2) 610-935-0600

Date/Time: Aug.13. 2003  6:00PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 6510 | Memory TX | 12032346330 | P. 21 | OK | |

-----

Reason for error
E.1) Hang up or line fail          E.2) Busy
E.3) No answer                     E.4) No facsimile connection

LAW OFFICES
HARDING, EARLEY, FOLLMER & FRAILEY
86 THE COMMONS AT VALLEY FORGE EAST
1288 VALLEY FORGE ROAD
POST OFFICE BOX 750
VALLEY FORGE, PENNSYLVANIA 19482-0750

JOHN F. A. EARLEY P.C.
JOHN H. A. EARLEY III
FRANK J. BONINI, JR.
CHARLES L. RIDDLE

U.S. AND INTERNATIONAL
INTELLECTUAL PROPERTY

TELEPHONE                 E-MAIL                    FAX
(610) 935-2300    hef@hardingearley.com    (610) 935-0600

FACSIMILE TRANSMISSION

Date:        August 13, 2003

To:          Kevin P. Walsh Esq.
             203-234-6330

From:        Charles L. Riddle, Esquire

RE:          Our File: IED/E-2269
             Incredibly Edible Delites, Inc., et al. v.
             Edible Arrangements, LLC et al.

Total Pages (w/cover):    21

Message

NOTICE
This message is intended solely for the use of the addressee. It may contain information that is confidential, privileged or otherwise protected from disclosure by applicable law. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone (collect, if desired) to arrange for its return. Thank you.

If transmission is interrupted or of poor quality, please notify us immediately by calling (610) 935-2300.