UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INCREDIBLY EDIBLE DELITES, INC., & : <br> INCREDIBLE FRANCHISE CORPORATION, : <br> : <br> Plaintiffs/Counterclaim Defendants, : <br> : <br> V. : <br> : <br> EDIBLE ARRANGEMENTS, LLC, & : <br> EDIBLE ARRANGEMENTS : <br> FRANCHISE GROUP, INC., : <br> : <br> Defendants/Counterclaim Plaintiffs. : <br> : | CIV. ACTION NO. <br> 3:02:CV:1529 (AVC) <br><br><br><br> November 23, 2005 |

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiffs, Incredibly Edible Delites Inc. and Incredible Franchise Corporation, ("Plaintiffs") hereby move the Court for an Order enforcing the Settlement Agreement reached by the parties on October 17, 2005. <u>Omega Engineering, Inc. v. Omega, SA</u>, Civil No. 3:98cv2464 (AVC) (TPS), 2004 U.S. Dist. LEXIS 27908 (D. Conn., March 24, 2004)

On October 17, 2005, the parties and their counsel, engaged in settlement discussions at the Hartford Courthouse during a settlement conference before Judge Covello. The parties reached settlement in this action, and Judge Covello left it to the parties to determine the specific language for a written settlement agreement to reflect the settlement that had been reached that day. The October 17, 2005 settlement was acknowledged in a docket entry made by the Court on October 18, 2005.

The parties' respective counsel undertook to memorialize in written form the material terms of the settlement. The memorialization of the terms was completed, with the exception of

some language in one paragraph, and a settlement conference was held by the Court on Monday, November 21, 2005, during which the language for that paragraph was agreed to by the parties.

However, two days prior to the conference, on November 19, 2005, Defendant Edible Arrangements' employee, Irfan Farid, transferred the domain name fruitflower.com to a third party, Ahsan Khan, in violation of the settlement terms agreed to by the parties. A copy of the domain name registrar record showing this transfer is attached hereto as Exhibit A.

Accordingly, Plaintiffs request that the Court issue the attached Order declaring the November 19, 2005 domain name transfer null and void, as the domain name registrar is bound by such an Order from this Court under the ICANN policy, Paragraph 3 of the Uniform Domain Name Dispute Resolution Policy (UDDRP) (attached hereto as Exhibit B), to permit the domain name transfer to Incredibly Edible Delites, Inc. agreed to by the parties. Paragraph 3 of the UDDRP permits a Court Order to be effective to cancel, transfer or otherwise make changes to domain name registrations. In addition, any transfer of fruitflower.com by Defendants would be subject to the Court's decision in any event, since Paragraph 8 of the ICANN UDDRP provides that when a domain name is involved in a civil dispute before a Court, the transfer instrument must contain words to the effect that the transfer is subject to the decision of the Court. (See Exhibit B, Paragraph 8) Without this wording, the November 19, 2005 transfer by the Defendants to Ashan Kahn is ineffective, null and void. Conversely, if the restrictive language is contained in the transfer agreement, then the third party already is subject to the power that the Court has with respect to a transfer of the registration, if the Court decides to enforce the Settlement Agreement in this civil action.

For the reasons set forth herein, Plaintiffs request that their motion be granted and that the attached Order be entered.

      Counsel for Plaintiffs has contacted Defendants' counsel, who indicated that counsel for Defendants is not able to consent to this motion.

Dated:_____  RESPECTFULLY SUBMITTED,

                                      THE PLAINTIFFS
INCREDIBLY EDIBLE DELITES, INC. AND INCREDIBLE FRANCHISE CORPORATION

By:_____
John F. A. Earley III (CT24120)
Frank J. Bonini, Jr. (CT24119)
Charles L. Riddle (CT24133)
P.O. Box 750
Valley Forge, Pennsylvania 19482-0750
Tel. (610) 935-2300
Attorneys for Incredibly Edible Delites, Inc., and Incredible Franchise Corporation

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing Motion to Enforce Settlement Agreement, was served on this 23rd day of November, 2005, by sending the same by first class mail, postage prepaid to:

Joseph G. Fortner, Esq.
Brian D. Rich, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Kevin P. Walsh, Esq.
Williams, Walsh & O'Connor
110 Washington Avenue, 2nd Floor
North Haven, CT 06473

Thomas C. Clark, Esquire
Melicent B. Thompson, Esquire
Litchfield Cavo
40 Tower Lane
Suite 200
Avon, CT 06001

_____