UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INCREDIBLY EDIBLE DELITES, INC.    :        CIVIL ACTION NO.
and INCREDIBLE FRANCHISE           :        3:02 CV 1529 (AVC)
CORPORATION,                       :
                                   :
    Plaintiffs,                    :
                                   :
                                   :
V.                                 :
                                   :
EDIBLE ARRANGEMENTS, LLC.,         :
and EDIBLE ARRANGEMENTS            :
FRANCHISE GROUP, INC.              :
                                   :
    Defendants.                    :        NOVEMBER 30, 2005

## DEFENDANTS' MOTION FOR COSTS

Pursuant to Fed. R. Civ. P. 37(d), the defendants, Edible Arrangements, LLC and

Edible Arrangements Franchise Group, Inc., hereby move for an award of all costs

associated with the deposition of Plaintiffs' designated 30(b)(6) corporate

representative, Andrea Ellman Mirin ("Mirin"), on September 7 and 8, 2005, including

transcript fees and attorneys' time, as well as costs for travel time and expense

associated with the rescheduled deposition covering the same subject matter in

Philadelphia on September 22nd and 23rd, 2005.

Mirin, designated by the plaintiffs, Incredibly Edible Delites, Inc. and Incredible

Franchise Corporation, to speak on their behalf regarding all topics requested pursuant

to Deposition Notices served in accordance with Rule 30(b)(6) of the Federal Rules of

Civil Procedure ("F.R.C.P."), arrived with minimal actual knowledge of the subject matter

of the litigation. She was, moreover, woefully unequipped to participate meaningfully

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

during the deposition regarding the topics for which she was designated. The plaintiffs' failure to designate a witness with sufficient knowledge, or, in the alternative, to adequately prepare its designated witness, is a violation of F.R.C.P. Rule 30, and thus is sanctionable under F.R.C.P. Rule 37(d).

## I.     BACKGROUND

The plaintiffs commenced this lawsuit on June 21, 2002, claiming trademark infringement, trademark dilution, and violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). In their answer, the defendants asserted counterclaims alleging, *inter alia,* that by bringing this lawsuit, the plaintiffs breached the parties' earlier settlement of another lawsuit, which defendants contend encompassed the claims asserted in this action.

On August 2, 2005, the defendants noticed two Rule 30(b)(6) depositions of the plaintiff corporations. *See* Notices of Deposition, attached as Exhibit A. As provided for in F.R.C.P. Rule 30(b)(6), the notice instructed the plaintiffs to designate one or more witnesses to testify as to certain specified topics, including the plaintiffs' advertising and marketing of the plaintiffs' so-called marks (such as "Incredibly Edible Delites" and "Fruitflowers") and regarding the plaintiffs' franchise sales operations. *See id.*. The notice further instructed the plaintiffs to produce at the deposition the documents called for in the attached Schedules A, which related to the plaintiffs' advertising, marketing and franchise sales. *See id.*. The depositions were noticed for August 25th and 26th in Westport, Connecticut.

Two weeks after the notices were served (that is, on August 16), defendants received correspondence from counsel for the plaintiffs objecting to the noticed

-2-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

depositions. *See* Riddle letter of 8/16/2005, attached as Exhibit B. Plaintiffs' counsel objected on the grounds that the notice unduly burdened his clients, who "would be required to travel an extensive distance and keep them away from their activities in running a viable business." *See id.*.

This objection spurred a string of correspondence between counsel for the respective parties over the next several days, disputing the timing, location and length of the noticed depositions, with plaintiffs' counsel continually reiterating that requiring his clients to travel to Connecticut for the noticed depositions would disrupt the day-to-day operations of the business. *See* Affidavit of Brian D. Rich, attached as Exhibit C, at ¶4. During the course of such discussions, Plaintiffs' counsel continued to represent, both orally and in writing, that it would be unduly burdensome to produce executives of IED in Connecticut. Rich Aff., ¶4. This dispute culminated in a telephone conference with the Court on August 23, 2005, which was initiated by the plaintiffs, during which it was ordered that the noticed depositions take place in Westport, Connecticut, on dates mutually agreeable to the parties. *See id.* at ¶6. Throughout this course of events (including the conference with the Court), Plaintiffs represented that their executives involved in the day-to-day operations of their business would be produced for these depositions, and that this would unduly burden the Plaintiffs. Rich Aff., ¶4.

In accordance with the court's order, defendants wrote to plaintiffs' counsel on August 24, proposing numerous alternative dates for the depositions to take place. *See* Rich letter of 8/24/2005, attached as Exhibit D. Pursuant to an August 30 telephone conference among counsel, memorialized in a letter to plaintiffs' counsel of August 31, the parties agreed that the noticed Rule 30(b)(6) depositions would proceed on

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

September 6 and 7, in Westport, Connecticut. *See* Rich Affidavit at ¶ 7; Rich letter of 8/31/2005, attached as Exhibit E. In response, plaintiffs' counsel replied on August 31, 2005, confirming the date of the depositions, the subject matter of the depositions, and the request for documents contained in the original notice. *See* Earley letter of 8/31/2005, attached as Exhibit F. Based upon this, defendants presumed that they would be deposing a knowledgeable executive of the plaintiffs.

## II.    PLAINTIFFS' DESIGNATION OF 30(b)(6) WITNESS ANDREA MIRIN

On September 6, the parties arrived in Westport for the noticed depositions. The plaintiffs presented Andrea Ellman Mirin, General Counsel for Incredibly Edible Delites, Inc. and Incredible Franchise Corporation, as their sole F.R.C.P. Rule 30(b)(6) designee. To defendants chagrin, it developed through testimony that Ms. Mirin's employment as plaintiffs' general counsel began in August 2005, and that she was, in reality, a part-time general counsel who had devoted between three to twenty hours per week to the plaintiffs' companies since her hiring. *See* Excerpts of Deposition transcript of Andrea Mirin, at 6, attached hereto as Exhibit G.

Once it became clear early on that Ms. Mirin was not a proper Rule 30(b)(6) designee, counsel for the defendants offered to terminate the deposition at that stage, without repercussion, an offer which plaintiffs' counsel refused. *See* Rich Aff. ¶9. Thereafter, Mirin testified, *inter alia*, that, she was not involved in the day-to-day operations of the businesses and:

- Her job responsibilities did not include marketing, advertising or franchising, unless those issues were somehow impacted in litigation. (<u>Exh. G., at</u> p. 148)

– 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

- She was not involved in preparation of the relevant discovery responses. (See id., p. 35).

- She had not reviewed the discovery documents produced by the plaintiffs in advance of and in preparation for her deposition. (See id., pp. 35-36).

- She knew aspects of franchising would be topics of inquiry, but did not gather responsive documentation because she understood that she was being deposed for "structural" questions. (See id., p.383)

- She wouldn't know of the basis for why someone would not purchase a franchise. (See id., p. 397)

- She has spoken to Ron Ellman, franchise coordinator, once "in general conversation," over dinner, about the purchase and sale of franchises. (See id., p. 410)

- She has not spoken to Mr. Messenger, an independent contractor who has handled franchise sales for the plaintiff, since at least 2004. (See id., p. 417)

- She stated that when Mr. Messenger speaks with the plaintiffs, he speaks with either Ms. Ellman or Ms. Davis. (See id., p. 419)

- She has not discussed or asked for Uniform Franchise Offering Circulars other than for 2002 and 2005. (See id., p. 419)

- She is not familiar with records or messages regarding franchise sales; (p. 455) but that Ms. Ellman or Ms. Davis would know whether such records exist. (See id., p. 455)

- She could not identify franchise reports in any detail and did not review such reports in preparation for her deposition. (See id., pp. 458-459)

- She could not state whether Incredibly Edible Delites has told franchisees that is owns or has right to "fruitflower." (See id., p. 486)

- She stated that she has not seen any licensing agreement regarding Plaintiffs' marks and does not know what it says, but that Ms. Davis or Ms. Ellman would know. (See id., p.492-493)

- She had not reviewed the advertisements of the Fruitflowers marks from the late 1980's to 2004. (See id., p. 135)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No  26105

- She was chosen to testify because Ellen Davis and Susan Ellman, the principals of the plaintiff company, were not available on the dates offered by counsel. (See id., pp. 21-23)

- She could not state definitively whether Incredibly Edible Delites, Inc. has ever used the mark "fruitflower" in advertising. (See id., p. 206).

- She had not reviewed franchising correspondence in advance, nor had she ever seen the hundreds of documents produced by the plaintiffs. (See id., pp. 79-84).

- She could not state definitively whether all responsive material to the defendants' requests had been produced. (See id., p. 29, 67).

- She had not reviewed any of the Uniform Franchising Circular Offers ("UFOC") in any detail in preparation for her deposition. (See id., p. 84).

- Ellen Davis and Susan Ellman were the decision makers, and were most knowledgeable, with regard to areas that were the subject matter of the deposition. (See id., pp. 21, 75-76, 463-464)

In addition to the above, Ms. Mirin produced approximately forty (40) pages of supposedly "representative" advertising and marketing material, and plaintiff's counsel stated, for the first time, that document requests contained in defendants Notices of Deposition were overbroad. See Rich Aff., ¶10. Later, Ms. Mirin testified to numerous documentation responsive to such requests that were not produced. *Id.*

Following the suspension of Mirin's deposition[1], the parties held a telephone conference with the Court on September 8, during which counsel for the defendants voiced their strong opinion that the plaintiffs had designated a witness who lacked the knowledge and/or preparation to provide even minimal insight into the topics of the noticed deposition. See Rich Aff., ¶12. Accordingly, the Court instructed the parties to

---

[1] / During the course of the second day of Ms. Mirin's deposition, the deposition was suspended to permit the witness to review documentation, at the suggestion of the Honorable Alfred C. Covello. Even after such review and despite an additional period of testimony, it was clear the witness did not possess required knowledge. See Rich Aff., 12.

– 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

reschedule the deposition and for the plaintiffs to produce an appropriate witness(es) in Pennsylvania.

Upon arrival in Pennsylvania for the rescheduled deposition, the plaintiffs *for the first time and without prior notice* produced *five new* boxes of materials to the defendants, which had neither been produced nor alluded to during Ms. Mirin's deposition. *See* Rich Aff., ¶13. Despite the fact that these documents have been in the possession of the plaintiff at all relevant times, these documents were not produced by the plaintiff at Mirin's deposition, nor were said documents provided to the defendants in advance of the rescheduled deposition in Pennsylvania, thus depriving the defendants of the opportunity to conduct any meaningful review of the contents prior to commencing the continued deposition in Pennsylania. As a result, counsel for Defendants were forced to reserve their rights to resume the depositions after a full review of these documents. *See* Rich Aff., ¶14.

## III.    LEGAL ARGUMENT

Given that the plaintiffs chose to produce a know-nothing witness as their Rule 30(b)(6) designee, and forced the defendants not only to incur the expenses of two days of testimony of Ms. Mirim, but then to bear the costs of traveling to Pennsylvania, conducting additional days of deposition, and even now, potentially need to resume those depositions because of the tardy production of documents,[2] the defendants are entitled to recover all costs associated with the deposition of Andrea Mirin, as the plaintiffs did not meet their affirmative obligation to designate a deponent either with

---

[2] Such documents were finally produced to the defendants on November 28, 2005.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

actual knowledge of the subject matter, or who was adequately prepared to answer such questions on behalf of the corporation.

According to F.R.C.P. Rule 30(b)(6), "a party may . . . name as the deponent . . . a . . . corporation . . . and describe with reasonable particularity the matters on which examination is requested. . . . The persons so designated shall testify as to matters known or reasonably available to the organization." "Pursuant to the Rule, the deponent must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the party noticing the deposition and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed as to the relevant subject matters." *Sony Elecs., Inc. v. Soundview Techs., Inc.,* 217 F.R.D. 104, 112 (D. Conn. 2002) (internal quotation marks omitted; citations omitted). "Under Rule 30(b)(6), the corporation being deposed must designate persons having knowledge of the subject areas identified by the discovering party and prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Id.* "Even if the documents are voluminous and the review of the documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed." *Concerned Citizens of Belle Haven v. Belle Haven Club,* 223 F.R.D. 39, 43 (D. Conn. 2004).

"Pursuant to Rule 37(d), the Court can impose sanctions where a party or person designated under Rule 30(b)(6) fails to appear before the officer who is to take the deposition, after being served with proper notice. Producing an unprepared witness is tantamount to a failure to appear." *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 151 (S.D.N.Y. 1997); *see also* 7 Moore's Federal Practice 3d §

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

30.72[1] ("The majority of courts facing the question have held that . . . producing an unprepared witness is tantamount to a 'failure to appear,' which is sanctionable under Rule 37(d).")

As demonstrated in the previous section, there can be absolutely no doubt that plaintiffs' designation of newly employed part-time General Counsel Andrea Mirin to speak on behalf of the corporations was a flagrant and intentional violation of Rule 30(b)(6). Plaintiffs' comments during August of 2005 led the defendants – and presumably the court – to believe that they would be producing knowledgeable executives of the corporate plaintiffs. Instead, without prior notice they chose to designate a part-time general counsel who had been counsel for just over one month to testify and who made little if any effort to prepare for the deposition. *See* Rich Aff., ¶8. In the weeks leading up to the deposition, counsel for the plaintiffs vigorously argued over the location of the depositions, due to the burden of requiring their clients to leave the day-to-day operations of their business in Pennsylvania for two days. *See* Rich Aff., ¶4. The clear implication in these discussions was that the plaintiffs planned to produce a person involved with the day-to-day operations of the business, who had hands-on, personal knowledge about the matters within the deposition notices. *Id.*, at ¶4.

Yet, after insisting that the defendants accede to plaintiffs' demands for location, and then burdening this court with phone calls, and even after the Court *ordered* the depositions to take place in Connecticut, the plaintiffs designated as a deponent a person who had no substantive knowledge of the company's operations. *Rich Aff.,* ¶11. Additionally, the plaintiffs made no good faith effort to find dates acceptable to the principals of the company, despite the statement in the undersigned's letter of August

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

24 that alternative dates were available if the proposed dates were unacceptable. *See* Exhibit D.

The deposition lasted for two days, during which time the only information the defendants were able to glean from the plaintiffs' witness was that she was patently unqualified to testify as to the subject matter set forth in the notice of deposition. Despite numerous opportunities offered by both the Court and the defendants to review documents with which she had an affirmative obligation to be familiar in the first place (*see Belle Haven Club*, 223 F.R.D. at 43), the deponent still was unable to contribute meaningfully to even the most fundamental questions about the corporations' marketing, advertising and franchise sales operations.

As noted, the production of an unprepared witness is a violation of Rule 30(b)(6), and is tantamount to a failure to appear, sanctionable under Rule 37. *See Bank of New York*, 171 F.R.D. at 151. Accordingly, the defendants seek the following relief:

1. Attorney's fees for time devoted to preparing for and attending the Mirin deposition on September 6 and 7;

2. Transcript fees for all sessions of the Mirin deposition; and

3. Travel expenses and travel time associated with the rescheduled depositions in Pennsylvania of the principals of plaintiffs corporations.

4. Attorneys fees and costs expended in connection with the preparation of this motion;

5. Such other relief as to the Court seems just and proper.

## IV.   CONCLUSION

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

For the foregoing reasons, the defendants respectfully request that the Court grant its Motion for Costs and award the defendants its requested relief.

EDIBLE ARRANGEMENTS
FRANCHISE GROUP, INC.


By:_____
    Brian D. Rich
    Federal Bar No. ct24458
    Joseph G. Fortner, Jr.
    Federal Bar No. ct04602
    HALLORAN & SAGE  LLP
    One Goodwin Square
    Hartford, Connecticut 06103
    Tel: (860) 522-6103
    Fax: (860) 548-0006
    Attorneys for Edible Arrangements
    Franchise Group, Inc.

    -and-

    Kevin P. Walsh, Esq.
    Williams, Walsh & O'Connor
    110 Washington Avenue,  2nd Floor
    North Haven, CT  06473
    (203) 234-6333
    Attorneys for Edible Arrangements,
    LLC

- 11 –

HALLORAN
& SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No  26105

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via regular mail on this 30th day of November, 2005, to:

Frank J. Bonini, Jr., Esq.
John F.A. Early, III, Esq.
Charles L. Riddle, Esq.
Harding Earley Follmer & Frailey
The Commons At Valley Forge East
1288 Valley Forge Road
P.O. Box 750
Valley Forge, PA  19482-0750
Attorney for Plaintiffs

Thomas C. Clark, Esq.
Melicent B. Thompson, Esq.
Litchfield Cavo
40 Tower Lane, Suite 200
Avon, CT  06001
Attorney for Plaintiffs


_____
Brian D. Rich

732191_1 DOC

– 12 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105