EXHIBIT C

| | |
|---|---|
| INCREDIBLY EDIBLE DELITES, INC. and INCREDIBLE FRANCHISE CORPORATION, <br><br> Plaintiffs, <br><br> V. <br><br> EDIBLE ARRANGEMENTS, LLC., and EDIBLE ARRANGEMENTS FRANCHISE GROUP, INC. <br><br> Defendants. | CIVIL ACTION NO. <br> 3:02 CV 1529 (AVC) <br><br><br><br><br><br><br><br><br><br><br> NOVEMBER 30, 2005 |

### AFFIDAVIT OF BRIAN D. RICH IN SUPPORT OF MOTION FOR COSTS

Brian D. Rich declares the following to be true under penalty of perjury:

1.   I am an attorney at law, duly licensed to practice in Connecticut, and a member of Halloran & Sage LLP ("Halloran & Sage"). I respectfully submit this affidavit in support of the Motion for Costs filed by the Defendants, and in accordance with Rule 37(d) of the Federal Rules of Civil Procedure.

2.   On September 7th and 8th, 2005, I attended depositions which I had noticed for 30(b)(6) representatives of the Plaintiffs, Incredibly Edible Delites, Inc., and Incredible Franchise Corporation (hereinafter "Plaintiffs").

3.   Prior to attending such depositions, during the months of August and early September of 2005, I was personally involved in discussions with Plaintiffs' counsel as to the scheduling and location of such 30(b)(6) depositions.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

4.  During the course of such negotiations, I was told by counsel for the Plaintiffs that requiring such depositions to proceed in Connecticut would disrupt the day-to-day operations of their clients' business and that it was unreasonable to expect that executives of the businesses could be produced in Connecticut for two days of testimony.

5.  As a result of the Plaintiffs' insistence that such depositions occur in Valley Forge, PA, Plaintiffs' counsel initiated a telephone conference with this Court on August 23, 2005.

6.  During this call, this Court ordered that the depositions occur in Westport, Connecticut, where originally noticed, on dates mutually convenient to the parties.

7.  As a result of the Court's directive, the parties agreed to deposition dates of September 6 and 7, 2005, in my firm's Westport, Connecticut office.

8.  On September 6, 2005, the Plaintiffs produced Andrea Ellman Mirin, who testified that she had been employed as a part-time general counsel for approximately one month, as their corporate designee for the topics contained in the notices.

9.  As it became clear early on in her deposition that Ms. Mirin was not a proper corporate designee, counsel for the defendants offered to terminate her deposition without repercussion, at an early stage, and reschedule with a proper designee. Plaintiffs' counsel refused such offer.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

10.     Also, at the start of the September 6, 2005 deposition, Plaintiffs' counsel informed me, for the first time, that the document requests contained in the Notices of Deposition were overly broad, after which time Ms. Mirin testified that responsive documentation had not been produced.

11.     As a result of Ms. Mirin's demonstrable lack of knowledge as to the subject matter for which she was produced by the Plaintiffs, a call was placed to this Court on September 6, 2005, in which the Court directed that the second day of the depositions occur at the United States District Court in Hartford, Connecticut.

12.     Following the suspension of Ms. Mirin's deposition on the second day, during which time Ms. Mirin was given ample time to review the documentation in issue (at the Court's direction), the parties held a telephonic conference with this Court on September 8, 2005 in which this Court instructed the parties to reschedule the deposition and for the Plaintiffs to produce an appropriate designee(s) in Pennsylvania.

13.     Upon my arrival in Pennsylvania for the rescheduled 30(b)(6) depositions on September 22, 2005, Plaintiffs' counsel, for the first time and without prior notice, produced five new boxes of materials which had not yet been produced or alluded to during Ms. Mirin's depositions approximately two weeks before.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

HALLORAN
& SAGE LLP

14. As a result of the late disclosure of this production, the Defendants proceeded with the rescheduled depositions, reserving their rights to resume the same after a full review of the documentation.

Dated:   November 30, 2005
         Hartford, CT 06103

_____
Brian D. Rich
Attorney for the Defendant,
Edible Arrangements Franchise
Group, Inc.

- 4 -