EXHIBIT F

LAW OFFICES
# Harding, Earley, Follmer & Frailey
86 THE COMMONS AT VALLEY FORGE EAST

JOHN F. A. EARLEY, P.C.
JOHN F. A. EARLEY III
FRANK J. BONINI, JR.
CHARLES L. RIDDLE

1288 VALLEY FORGE ROAD

POST OFFICE BOX 750

VALLEY FORGE, PENNSYLVANIA 19482-0750

U.S. AND INTERNATIONAL
INTELLECTUAL PROPERTY

| TELEPHONE | E-MAIL | FAX |
|---|---|---|
| (610) 935-2300 | heff@hardingearley.com | (610) 935-0600 |

August 31, 2005

*VIA FACSIMILE 860-548-0006*
Brian D. Rich, Esquire
HALLORAN & SAGE
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Re:    Civil Action No.: 3:02CV1529
Incredibly Edible Delites, Inc., et al. v. Edible Arrangements, LLC, et al.
Your File: 13268.0002

Dear Brian:

I am in receipt of your August 31, 2005 letter.

I confirm again that there is no need to re-notice the depositions since we have indicated that we will produce the Rule 30(b)(6) witness(es).

Further to our telephone conversation yesterday, it is my understanding that you are agreeable to covering, and intend to cover, each of the topics set out in the 30(b)(6) deposition notices, including the July 25, 2005 deposition notice, back to back beginning on Tuesday morning, and that a third date would only be scheduled if the depositions noticed in the three notices were not completed by the end of the second day (Wednesday). Please confirm that my understanding is correct. If my understanding is not correct, and you are not planning to take the depositions noticed in the July 25, 2005 deposition notice if time permits on Tuesday or Wednesday, please let me know.

Regarding your request for production of information in advance of the depositions, we are in the process of determining what this information is. Further, as I think you know, Chuck Riddle who is working on this matter, is currently on vacation. However, if it is possible to provide information to you in advance of the depositions, we shall endeavor to do so.

Aug 31 2005 5:47PM                                                        NO 8540   P 2

HARDING EARLEY FOLLMER & FRAILEY

Brian D. Rich, Esquire
August 31, 2005
Page 2 of 2


   Regarding our requests for documents relating to sales made in connection with your client's website, we are interested in any documents showing sales generated or connected to the use of the internet, and it does not seem possible that no such documents exist. During settlement negotiations, your client proposed that our client pay your client a high six figure dollar amount based on six figure sales generated by your client annually as a direct result of your client's use of the domain name fruitflower.com. Since I do not believe that your firm would not negotiate in good faith, this leads me to believe that there are in fact such documents that you may not be aware of since you were not involved in the case during the time of the initial settlement negotiations before Judge Smith.

   Regarding the domain name information, I take it from your letter that you are gathering additional domain name information to supplement the domain names already in your possession and not yet produced based on your relevance objection, to ensure that all domain names called for by the request are produced for *in camera* review since all domain names called for by the request are relevant in view of the cybersquatting count. Please confirm that my understanding is correct.

   Best regards.


            Very truly yours,

            JONH F. A. EARLEY III


JFAEIII/mls
cc:  Kevin P. Walsh, Esquire, via facsimile (203) 234-6330
   Thomas C. Clark, Esquire, via facsimile (860) 255-5566